

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-043-CV

IN RE CINDY LYNN RHODES                                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## OPINION

------------

Relator Cindy Lynn Rhodes filed a petition for writ of mandamus asking this court to (1) find that the trial court abused its discretion by granting the motion for new trial of Real Party in Interest, Ignacio Rafael De La Fuente, Sr. after the expiration of the trial court's plenary power and (2) enter an order directing the trial court to vacate its February 3, 2009 order granting De La Fuente's motion for new trial. We conditionally grant Rhodes's petition for writ of mandamus.

### Background Facts

On May 15, 2007, Rhodes filed a petition to adjudicate parentage, naming De La Fuente as the father of minor child C.C.R. De La Fuente denied the allegations contained in Rhodes's petition and genetic testing was ordered.

On June 4, 2008, the trial court entered agreed temporary orders, and on September 11, 2008, the trial court entered a scheduling order setting the trial for December 4, 2008. On December 3, 2008, the trial court signed an agreed order on motion for withdrawal of counsel, also signed by De La Fuente, allowing De La Fuente's attorney to withdraw from the case. De La Fuente failed to appear for trial on December 4, 2008, and the trial court signed a final default judgment on that date.

De La Fuente filed a request for a rule 306a(4) extension to file a motion for new trial on January 20, 2009. *See* Tex. R. Civ. P. 306a(4). Attached to his request was De La Fuente's affidavit stating that he had not "learned that there was a 'final order' signed by the Court on or about December 4, 2008" until on or about December 18, 2008. De La Fuente filed a motion for new trial on January 23, 2009, fifty days after the trial court signed the December 4, 2008 order. On February 3, 2009, sixty-one days after signing the December 4 order, the trial court signed an order granting De La Fuente's motion for new trial.

On February 17, 2009, the trial court made a docket entry noting that, after a conference with the attorneys, the trial court found that it granted the motion for new trial on February 3, 2009, because rule 306a applied thereby extending the court's plenary power to grant a new trial. *See* Tex. R. Civ. P. 306a(4). The trial court further noted that De La Fuente did not receive notice

2

of the judgment or actual notice of signing per rule 306a(5) until December 26, 2008. *See* Tex. R. Civ. P. 306a(5).

## Issue

In her petition, Rhodes argues that the trial court abused its discretion by granting De La Fuente's motion for new trial sixty-one days following the final judgment and that the order granting De La Fuente's motion for new trial should be vacated. Rhodes contends that De La Fuente was not entitled to an extension under rule 306a because he received actual knowledge of the trial court's order on December 18, 2008. *See* Tex. R. Civ. P. 306a(4)–(5). Specifically, Rhodes points to De La Fuente's affidavit in which he states that he contacted the court clerk on or about December 18, 2008, and "learned that there was a 'final order' signed by the Court on or about December 4, 2008." Rhodes argues that De La Fuente cannot meet the rule 306a(5) burden and, thus, was not entitled to rule 306a relief because his affidavit establishes that he had actual knowledge of the order fourteen days after the judgment was signed. *Id.* Accordingly, Rhodes argues that De La Fuente was not entitled to an extension of the January 5, 2009 deadline for filing post-judgment motions; the trial court's plenary power was not extended past that time; and the trial court abused its discretion by signing an order for new trial on February 3, 2009, after the plenary power of the trial court had expired. *See* Tex. R. Civ. P. 306a(4).

3

**Substantive Law**

If a party adversely affected by the judgment or other appealable order does not receive notice from the district clerk or acquire actual knowledge of the judgment or order within twenty days of the signing of the judgment or order, the postjudgment timetables begin on the date that the party or its attorney received notice or actual knowledge of the order, provided that the party (1) complies with the sworn motion, notice, and hearing requirements mandated by rule 306a(5), and (2) proves that he received the notice of judgment or order more than twenty but less than ninety-one days after it was signed. *See* Tex. R. Civ. P. 306a(4)–(5); *Mem'l Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *See Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied); *Grondona v. Sutton*, 991 S.W.2d 90, 91–92 (Tex. App—Austin 1998, pet. denied); *see also Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.—Texarkana 2004, no pet.). As the factfinder, the trial court weighs the evidence and judges a witness's credibility, and the trial court may

4

accept or reject any witness's testimony in whole or in part. *See Welborn Mortgage Corp. v. Knowles*, 851 S.W.2d 328, 332 (Tex. App.—Dallas 1993, writ denied).

De La Fuente, a California resident, provided an affidavit which stated that he contacted the trial court on December 18, 2008, and was told that an order had been signed by the court on December 4, 2008, but that the order had not yet been mailed to him; he asked for the order to be sent to him immediately; the envelope containing the order demonstrates it was mailed on either December 18, 2008, or December 19, 2008;[1] and that he did not receive the envelope containing the order until sometime after Christmas Day, December 25, 2008. His affidavit concludes by stating that he did not receive "actual and legal notice of the execution or substance of the [order] until after twenty days after the [order] was signed."

In essence, De La Fuente contends that he did not receive notice of the order until he received the order and became aware of its contents. However, rule 306a does not require knowledge of the contents of the order. *See* Tex. R. Civ. P. 306a(4)–(5). Rather, the rule concerns when the party or his attorney either received notice of the judgment or order *or* when the party acquires actual knowledge of the judgment or order itself. *See id.*; *Gillis*, 741 S.W.2d at 365; *Nathan A. Watson Co.*, 218 S.W.3d at 800. Instead of

---

[1] The envelope is stamped "12-19-08."

5

establishing a prima facie case that he lacked timely notice which would invoke the trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing, De La Fuente's affidavit conclusively establishes that he acquired actual knowledge of the judgment on December 18, 2008, only fourteen days after it was signed.  Because De La Fuente obtained actual knowledge of the order within twenty days after the judgment was signed, he cannot invoke rule 306a.  *See* Tex. R. Civ. P. 306a(4)–(5); *Gillis*, 741 S.W.2d at 365; *Nathan A. Watson Co.*, 218 S.W.3d at 800.  Accordingly, the trial court abused its discretion by granting De La Fuente's motion for new trial after the expiration of the trial court's plenary power.

## Conclusion

We conclude that the trial court abused its discretion by granting De La Fuente Sr.'s motion for new trial.  We conditionally grant Rhodes's petition for writ of mandamus.  We are confident that the trial court will vacate its February 3, 2009 order granting De La Fuente's motion for new trial, and the writ will issue only if the trial court fails to do so.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT; GARDNER; and MEIER, JJ.

DELIVERED:  July 27, 2009

6