

**NUMBER 13-14-00614-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**FRANKLIN JONES,** **Appellant,**

**v.**

**YOLANDA MARTIN,** **Appellees.**

---

**On appeal from the 36th District Court
of Bee County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam**

Appellant, Franklin Jones, attempts to appeal a judgment entered on August 12, 2014.  We dismiss the appeal for want of jurisdiction.

### I. BACKGROUND

On August 12, 2014, the trial court signed a final judgment dismissing appellant's case as frivolous.  By motion served by mail on September 14, 2014, and filed on

September 23, 2014, appellant alleged that he did not receive notice of the judgment until September 2, 2014, and thus appellant sought an extension of time from the trial court to respond to the final judgment. On October 16, 2014, appellant filed a notice of out of time appeal stating that he was not notified of the judgment "until sometime in September of 2014." Appellant sought additional time to file the notice of appeal on grounds that he received late notice of the judgment.

This Court abated and remanded this case to the trial court for further proceedings in accordance with Texas Rule of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a(4),(5). According to the supplemental record filed by the trial court, appellant failed to notify the trial court regarding a change of address, but nevertheless admittedly received notice of the judgment on September 2, 2014.

## II. ANALYSIS

If a party adversely affected by the judgment or other appealable order does not receive notice from the district clerk or acquire actual knowledge of the judgment or order within twenty days of the signing of the judgment or order, the postjudgment timetables begin on the date that the party or its attorney received notice or actual knowledge of the order, provided that the party: (1) complies with the sworn motion, notice, and hearing requirements mandated by rule 306a(5), and (2) proves that he received the notice of judgment or order more than twenty but less than ninety-one days after it was signed. *See* TEX. R. CIV. P. 306a(4)-(5); *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *In re Rhodes*, 293 S.W.3d 342, 343-44 (Tex. App.—Fort Worth 2009, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex.

App.—Fort Worth 2007, no pet.). The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *See In re Rhodes*, 293 S.W.3d at 344; *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied); *Grondona v. Sutton*, 991 S.W.2d 90, 91–92 (Tex. App.—Austin 1998, pet. denied); *see also Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.—Texarkana 2004, no pet.).

In the instant case, appellant's own statements and the trial court's findings indicate that he received notice of the judgment on September 2, 2014. The judgment was signed on August 12, 2014, and twenty days after the judgment was September 1, 2014. *See* TEX. R. CIV. P. 306a(4)-(5). September 1, 2014 was a legal holiday, so the period runs until the end of the next day, September 2, 2014. Accordingly, appellant received notice of the judgment within twenty days so that rule 306a does not apply to create a new date for starting the appellate timetable for appellant. *See id.* R. 306a(4); *Caldwell v. Callender Lake Prop. Owners Improvement Ass'n*, 888 S.W.2d 903, 907 (Tex. App.—Texarkana 1994, writ denied) (rule 306a does not apply when appellant receives notice of the judgment within twenty days of rendition).

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when appellant has not

3

filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* TEX. R. APP. P. 26.1. The judgment in this case was signed on August 12, 2014. No timely post-judgment motions were filed, so the notice of appeal was due on or before September 11, 2014. *See id.* Appellant's notice of appeal was not filed within this thirty-day period of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.* 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor to rule 26.1). Appellant's notice of appeal was not filed within the fifteen-day period provided by Rule 26.3.

The Court, having examined and fully considered the documents on file in this appeal, is of the opinion that it lacks jurisdiction over this cause. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All pending motions are likewise DISMISSED.

PER CURIAM

Delivered and filed the
19th day of March, 2015

4