MEMORIAL HOSPITAL OF
GALVESTON COUNTY, et
al, Petitioners,

v.

Zelma Lee GILLIS, Respondent.

No. C–6709.

Supreme Court of Texas.

Nov. 18, 1987.

Rehearing Denied Jan. 13, 1988.

Scott Lyford, Co. Atty., Galveston, for petitioners.

Scott A. Sanes, Hardy, Milutin, Johns & Sherrod, Houston, for respondent.

PER CURIAM.

Forty days after the trial court had dismissed her worker's compensation suit for want of prosecution, Zelma Lee Gillis filed an unverified motion to reinstate. Gillis' motion stated the nature of her action, explained the cause for the delay in prosecution, and claimed that her suit had merit. Following a hearing on her motion, the trial court reinstated her action. The record does not reflect what transpired at that hearing, and the order reinstating the cause does not recite the trial court's findings or the grounds for reinstatement. The action later went to trial, where Gillis had judgment on a jury verdict awarding some $52,000 for her injuries. The court of appeals affirmed. 731 S.W.2d 692. On September 16, 1987, we refused Memorial Hospital's application for writ of error, finding no reversible error. The court grants Memorial Hospital's motion for re-

hearing, and without hearing oral argument reverses the judgment of the court of appeals and vacates the judgment of the trial court. The opinion of the court of appeals conflicts with TEX.R.CIV.P. 306(a).

The procedure for obtaining relief from a dismissal for want of prosecution is set forth in TEX.R.CIV.P. 165a. In pertinent part, Rule 165a states:

[a] motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a.

It is undisputed that Gillis' motion was not filed within thirty days of the signing of the order dismissing her action. The question is whether it was filed within the time period provided by TEX.R.CIV.P. 306a. Rule 306a provides that a party who did not have notice or knowledge of a judgment or order may be afforded thirty days from the date he acquired such notice or knowledge in order to invoke the trial court's plenary jurisdiction, provided that he can:

... prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX.R.CIV.P. 306a(5). Compliance with the time periods prescribed by these rules is a jurisdictional prerequisite. Unless a party establishes in the manner prescribed by the rule that he had no notice or knowledge of the judgment, the general rule prevails: a trial court's power to reinstate a cause after dismissal expires thirty days after the order of dismissal is signed. *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979).

There is nothing in the record to indicate that Gillis sustained her burden of proving to the trial court that she had no notice or knowledge of the order dismissing her cause within twenty days of its rendition. In her motion for reinstatement, Gillis did not allege that she had no notice or

knowledge of the order. The order granting her motion for reinstatement does not recite that Gillis had no notice or knowledge of the dismissal. No statement of facts has been brought before us that would indicate that Gillis sustained her burden of proof at the reinstatement hearing. Gillis supplied the court of appeals with a supplemental transcript, which contained a copy of the postcard notices sent by the district clerk to the attorneys for the parties in order to notify them of the dismissal. *See* TEX.R.CIV.P. 306a(3). The postcards indicate the date of dismissal and the date upon which the postcards were sent. However, there is nothing to indicate that the trial court considered these postcard notices at the hearing, nor is there anything in the record to negate the possibility that Gillis or her attorney acquired actual knowledge of the dismissal within twenty days of its signing. Rule 306a plainly requires that this proof be made in the trial court, not the court of appeals. Since Gillis did not establish the applicability of Rule 306a(4) in the trial court in the manner prescribed by the rule, the trial court was without jurisdiction to reinstate her cause upon a motion filed forty days after dismissal. The subsequent judgment in Gillis' favor was therefore a nullity, and the court of appeals erred in affirming it.

The judgment of the court of appeals is reversed, and the judgment of the trial court in Gillis' favor is vacated. The trial court's order dismissing Gillis' cause for want of prosecution is reinstated.