Opinion issued 
June 12, 2003

 
In 
The
Court of Appeals
For 
The
First District of Texas
 


 
 
NO. 01-02-00432-CV
____________
 
ROBERT WAYNE POWELL, 
Appellant
 
V.
 
JO ADAMS MCCAULEY, 
Appellee
 


 
 
On Appeal from the 311th District Court
Harris County, 
Texas
Trial Court Cause No. 
98-59881
 


 
 
O P I N I O 
N
          The 
trial court granted a final summary judgment against appellant, Robert Wayne 
Powell (Powell), and in favor of appellee, Jo Adams McCauley (McCauley), 

in her suit to collect on a debt incurred during their 
previous marriage. In four issues, Powell contends that the trial court erred in 
granting McCauley’s motion to reinstate her case after it had been dismissed for 
want of prosecution and in granting McCauley’s motion for summary judgment. 

          We 
reverse and remand.
Facts and Procedural 
Background
          Powell 
and McCauley were married in 1986, separated in 1987, and divorced in 1989. An 
issue in the divorce was the payment of a $6,000 loan owed by Powell to 
McCauley’s parents, who filed suit in the County Court at Law Number 2 in Harris 
County, Texas, to collect on the debt. McCauley paid the debt to her parents, 
and the parent’s case was dismissed for want of prosecution. McCauley contends 
that her parents then assigned their cause of action to her, and she filed an 
amended petition based upon the assignment. The case was transferred from the 
county court at law to the 247th District Court in Harris County, and was 
subsequently transferred to the 311th District Court in Harris County. During 
the transfer process from the county court at law to the district courts, most 
of the file disappeared and was lost.
          On 
November 29, 2001, the trial court dismissed McCauley’s suit for want of 
prosecution. McCauley filed a motion to reinstate her suit on January 11, 2002, 
pursuant to Rule 306a, 

 notifying the trial court of the date that 
McCauley’s counsel received actual notice of the dismissal and noting that it 
was more than 20 days after the date the case had been dismissed. The record 
reflects that McCauley’s counsel provided Powell with notice of a hearing on the 
motion to reinstate. At the hearing held on January 25, 2002, the trial court 
signed an order reinstating McCauley’s suit on the docket.
          In 
addition to the issue of reinstatement, the record reflects that, at the January 
25th hearing, the trial court took up the matter of McCauley’s previously filed 
motion for summary judgment on the issue of whether Powell owed a debt to 
McCauley’s parents. Powell’s counsel did not attend the hearing and did not 
contest the reinstatement of the case or the granting of the summary judgment, 
although he signed the judgment “approved as to form.” The record reveals that 
the trial court based its ruling on two documents from the county court at law: 
(1) a date-stamped copy of McCauley’s motion for summary judgment and (2) a 
date-stamped copy of Powell’s motion to reconsider summary judgment. 
          The 
final summary judgment signed by the trial court ordered Powell to pay McCauley 
$6,000 plus pre-judgment and post-judgment interest. Powell did not request 
findings of fact or conclusions of law from the trial court, and he filed a 
motion for a new trial, challenging only the summary judgment. On April 8, 2002, 
a hearing was held on Powell’s motion for new trial, which the trial court 
denied. 
Reinstatement
          In 
his first three issues, Powell contends that the trial court abused its 
discretion in granting McCauley’s motion to reinstate the case because the trial 
court had lost its plenary power and did not have jurisdiction to consider the 
motion.
          A 
trial court’s plenary power to grant a new trial or vacate, modify, correct, or 
reform a judgment is extended when a party adversely affected by the judgment or 
her attorney fails to receive notice or actual knowledge of the judgment within 
20 days after the judgment is signed. Tex. R. Civ. P. 306a(4). In cases where 
notice or actual knowledge is not timely obtained, the period of the trial 
court’s plenary power runs from the date the party or her attorney receives 
notice or actual knowledge of the trial court’s judgment, whichever occurs 
first. Id. Filing a motion that complies with the requirements of Rule 
306a invokes the trial court’s jurisdiction for the limited purpose of holding a 
306a hearing and determining the date of notice. Mem’l Hosp. v. Gillis, 
741 S.W.2d 364, 365-66 (Tex. 1987); In re Bokeloh, 21 S.W.3d 784, 791 
(Tex. App.—Houston [14th Dist.] 2000) (orig. proceeding). 
          Rule 
306a places the burden of establishing its applicability on the party seeking 
the extension. Womack-Humphreys Architects, Inc. v. Barrasso, 886 S.W.2d 
809, 813 (Tex. App.—Dallas 1994, writ denied). Rule 306a(5) prescribes the 
procedure for claiming this exception as follows:
In order to establish the application of paragraph (4) 
of this rule, the party adversely affected is required to prove in the trial 
court, on sworn motion and notice, the date on which the party or his attorney 
first either received a notice of the judgment or acquired actual knowledge of 
the signing and that this date was more than twenty days after the judgment was 
signed. 
Tex. R. Civ. 
P. 306a(5). If the sworn motion fails to allege facts that would 
establish the application of Rule 306a(4), any order determining the date of 
notice is void. Gillis, 741 S.W.2d at 365-66; Bokeloh, 21 S.W.3d 
at 791-92.
          Similarly, 
the Texas Rules of Appellate Procedure provide an extension of the appellate 
timetable for parties who do not receive timely notice that a trial court has 
signed a judgment against them. Tex. R. 
App. P. 4.2(a)(1); Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 
1994) (orig. proceeding). Rule 4.2(c) explains that, “[a]fter hearing the 
motion, the trial court must sign a written order that finds the date when the 
party or the party’s attorney first either received notice or acquired actual 
knowledge that the judgment or order was signed.” Tex. R. App. P. 4.2(c). Failure to hold 
a hearing and make a finding once a prima facie case is established constitutes 
an abuse of discretion. Cantu, 878 S.W.2d at 131-32 (noting that trial 
court is required to hold hearing and make finding when party presents proof of 
date of notice in trial court). 
          Powell 
cites In re Bokeloh in support of his argument that the trial court’s 
plenary power had already expired when it reinstated McCauley’s suit. Powell 
interprets Bokeloh to require a trial court to sign a written order that 
must include the date on which the party received notice or acquired actual 
knowledge that the judgment or order was signed. Here, Powell argues that the 
“the trial court signed no order finding the date that either Ms. McCauley or 
her attorney first received notice or acquired actual knowledge of the order of 
dismissal.” Powell further contends that “McCauley failed to establish a new 
date for the trial court’s plenary power to commence.” Thus, Powell argues that 
the trial court’s jurisdiction expired 30 days after the dismissal for want of 
prosecution and that the trial court’s order of reinstatement was “void from its 
inception.”
          We 
find the facts in Bokeloh distinguishable from the facts in the present 
case. The plaintiffs in Bokeloh did not follow the procedural guidelines 
to invoke the trial court’s limited jurisdiction to hold a 306a hearing, and the 
trial court incorrectly reinstated the case on its own motion. In re 
Bokeloh, 21 S.W.3d at 793-94. The Fourteenth Court of Appeals found that the 
plaintiffs in Bokeloh failed to file a sworn motion for reinstatement, 
failed to present evidence in a hearing as to the date of their actual knowledge 
or receipt of notice, and failed to obtain a written order with findings. 
Id. at 792. Thus, the trial court’s order of reinstatement in Bokeloh 
was void from its inception. Id. at 793.
          Here, 
McCauley’s sworn motion to reinstate asserted that the “actual notice that the 
case had been dismissed was not received until December 20th or 21st [2001], or 
more than 20 days after the date the case had been dismissed.” Because 
McCauley’s motion met the requirements of Rule 306a(5), the trial court’s 
jurisdiction was properly invoked to hold a 306a hearing. Tex. R. Civ. P. 306a(5). The record 
indicates that the trial court held a 306a hearing and signed a written order to 
reinstate, stating “the Court has considered the Motion to Reinstate the Case on 
Docket of Jo Adams McCauley . . . [and] ordered that the order dismissing the 
case is set aside and that the case is reinstated on the docket of this Court, 
to the same effect as if it had never been dismissed.” 
          If, 
as here, a trial court does not file findings of fact and conclusions of law, we 
must presume that the trial court made the findings necessary to support its 
ruling so long as those implied findings are supported by the record. Lemons 
v. EMW Mfg. Co., 747 S.W.2d 372, 373 (Tex. 1988). The record indicates 
Powell did not attend the hearing, did not oppose the date of notice, and did 
not request findings of fact and conclusions of law. Here, the record supports 
an implied finding that McCauley’s counsel received notice of the dismissal for 
want of prosecution on or about December 20 or 21, 2001. Where implied findings 
of fact are supported by the evidence, we must uphold the judgment on any legal 
theory applicable to the case. Point Lookout West, Inc. v. Whorton, 742 
S.W.2d 277, 278 (Tex. 1987). Thus, we hold that the trial court did not abuse 
its discretion in granting McCauley’s motion to reinstate.
          We 
overrule Powell’s first, second, and third issues.
Summary 
Judgment
          In 
his fourth issue, Powell contends that the trial court erred in granting a final 
summary judgment in favor of McCauley.
          A 
party moving for traditional summary judgment has the burden of proving that 
there is no genuine issue of material fact and that she is entitled to judgment 
as a matter of law. Tex. R. Civ. 
P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546, 548 (Tex. 
1985); Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 670 (Tex. 
App.—Houston [1st Dist.] 1996, no writ). When deciding whether there is a 
disputed material fact issue precluding summary judgment, evidence favorable to 
the non-movant will be taken as true. Nixon, 690 S.W.2d. at 548-49. Every 
reasonable inference must be indulged in favor of the non-movant and any doubts 
resolved in his favor. Id. When a plaintiff moves for summary judgment on 
its own cause of action, the plaintiff must prove it is entitled to summary 
judgment by establishing each element of its claim as a matter of law. Cluett 
v. Medical Protective Co., 829 S.W.2d 822, 825 (Tex. App.—Dallas 1992, writ 
denied).
          Proper 
summary judgment proof consists of admissions, stipulations of parties, 
authenticated or certified public records, deposition transcripts, and 
interrogatory answers. Tex. R. Civ. P. 
166a(c). Pleadings themselves, even if sworn, are not summary judgment 
evidence. Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 
(Tex. 1995).
          Powell 
contends that no summary judgment evidence was before the 311th district court 
when it signed the order granting a final summary judgment. However, the record 
indicates that, at the time the trial court considered McCauley’s motion for 
summary judgment, the court examined two documents from the county court at law: 
(1) a date-stamped copy of McCauley’s previously filed motion for summary 
judgment and (2) a date-stamped copy of Powell’s previously filed motion to 
reconsider summary judgment. Attached to McCauley’s motion for summary judgment 
were excerpts from a deposition of Powell, a filed copy of Powell and McCauley’s 
final divorce decree, and a copy of a canceled $8,000 check from McCauley to her 
parents. Attached to Powell’s motion to reconsider summary judgment was part of 
a deposition of McCauley and an affidavit of McCauley’s counsel. Also attached 
to Powell’s motion were several pleadings from the county court at law, which we 
will not consider as proper summary judgment proof. See id. 
          Powell 
contends that the inclusion of McCauley’s motion for summary judgment with its 
attachments and his motion to reconsider summary judgment with its attachments 
into the record is improper because these documents were not in front of the 
trial court and not part of its record. Powell argues that the trial court 
abused its discretion in granting McCauley’s motion to determine accurate copies 
or lost items. See Tex. R. App. 
P. 34.5(e). Here, the record reflects that the trial court was presented 
with two filed and date-stamped motions from the county court at law during the 
summary judgment hearing. A case from a statutory county court may be 
transferred to a district court, and the pleadings from the statutory county 
court will become part of the case at the district court. See Tex. Gov’t Code Ann. § 74.121 (Vernon 
1998). Thus, the trial court did not abuse its discretion in considering 
McCauley’s motion for summary judgment and the motion to reconsider summary 
judgment as accurate copies of missing items to be included in the record. 
See Tex. R. App. P. 
34.5(e).
          Powell 
initially challenges the trial court’s granting of final summary judgment 
because there was no evidence that a written order of summary judgment was ever 
granted by the county court at law. However, this is of no consequence because 
the trial court signed a written final summary judgment. Powell also argues that 
“errors presented by Ms. McCauley’s summary judgment proof are errors of 
substance and cannot have been waived.” However, all of the “errors” complained 
of by Powell are errors in form, which have been waived. See Tex. R. Civ. P. 166a(f). 
          Finally, 
Powell argues that the summary judgment evidence presented to the trial court 
was legally insufficient to support summary judgment. We agree. McCauley 
presented no summary judgment evidence that any cause of action was properly 
assigned from her parents to her. See Vinson & Elkins v. 
Moran, 946 S.W.2d 381, 390 (Tex. App.—Houston [14th Dist.] 1997, pet. dism’d 
by agr.) (holding assignee may recover either in his own name or in that of his 
assignor if debt properly assigned). The record contains no sworn testimony or 
documents which established, as a matter of law, that any cause of action held 
by McCauley’s parents against Powell for his failure to pay the debt due to her 
parents was properly assigned to McCauley. Therefore, McCauley’s proof is 
legally insufficient to establish her claim against Powell for payment of the 
debt. See, e.g., FCLT Loans, L.P. v. Estate of Bracher, 93 S.W.3d 469, 
483 (Tex. App.—Houston [14th Dist.] 2002, no pet.).
          We 
sustain Powell’s fourth issue.
 
Conclusion
          We 
reverse the judgment of the trial court and remand the case for further 
proceedings consistent with this opinion.
 
 
                                                                        Terry 
Jennings
                                                                        Justice
Panel consists of Justices Taft, 
Jennings, and Hanks.