COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-09-043-CV

 

IN RE CINDY LYNN RHODES                                                     RELATOR

 

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                             OPINION

                                              ------------

Relator
Cindy Lynn Rhodes filed a petition for writ of mandamus asking this court to
(1) find that the trial court abused its discretion by granting the motion for
new trial of Real Party in Interest, Ignacio Rafael De La Fuente, Sr. after the
expiration of the trial court=s
plenary power and (2) enter an order directing the trial court to vacate its
February 3, 2009 order granting De La Fuente=s motion
for new trial.  We conditionally grant
Rhodes=s
petition for writ of mandamus.

                                        Background
Facts








On May
15, 2007, Rhodes filed a petition to adjudicate parentage, naming De La Fuente
as the father of minor child C.C.R.  De
La Fuente denied the allegations contained in Rhodes=s
petition and genetic testing was ordered. 
On June 4, 2008, the trial court entered agreed temporary orders, and on
September 11, 2008, the trial court entered a scheduling order setting the
trial for December 4, 2008.  On December
3, 2008, the trial court signed an agreed order on motion for withdrawal of counsel,
also signed by De La Fuente, allowing De La Fuente=s
attorney to withdraw from the case.  De
La Fuente failed to appear for trial on December 4, 2008, and the trial court
signed a final default judgment on that date.

De La
Fuente filed a request for a rule 306a(4) extension to file a motion for new
trial on January 20, 2009.  See
Tex. R. Civ. P. 306a(4).  Attached to his
request was De La Fuente=s affidavit stating that he had
not Alearned
that there was a >final order= signed
by the Court on or about December 4, 2008@ until
on or about December 18, 2008.  De La
Fuente filed a motion for new trial on January 23, 2009, fifty days after the
trial court signed the December 4, 2008 order. 
On February 3, 2009, sixty-one days after signing the December 4 order,
the trial court signed an order granting De La Fuente=s motion
for new trial.








On
February 17, 2009, the trial court made a docket entry noting that, after a
conference with the attorneys, the trial court found that it granted the motion
for new trial on February 3, 2009, because rule 306a applied thereby extending
the court=s plenary power to grant a new
trial.  See Tex. R. Civ. P.
306a(4).  The trial court further noted
that De La Fuente did not receive notice of the judgment or actual notice of
signing per rule 306a(5) until December 26, 2008.  See Tex. R. Civ. P. 306a(5).

                                                 Issue

In her
petition, Rhodes argues that the trial court abused its discretion by granting
De La Fuente=s motion for new trial sixty-one
days following the final judgment and that the order granting De La Fuente=s motion
for new trial should be vacated.  Rhodes
contends that De La Fuente was not entitled to an extension under rule 306a
because he received actual knowledge of the trial court=s order
on December 18, 2008.  See Tex. R.
Civ. P. 306a(4)B(5).  Specifically, Rhodes points to De La Fuente=s
affidavit in which he states that he contacted the court clerk on or about
December 18, 2008, and Alearned that there was a >final
order= signed
by the Court on or about December 4, 2008.@  Rhodes argues that De La Fuente cannot meet
the rule 306a(5) burden and, thus, was not entitled to rule 306a relief because
his affidavit establishes that he had actual knowledge of the order fourteen
days after the judgment was signed.  Id.  Accordingly, Rhodes argues that De La Fuente
was not entitled to an extension of the January 5, 2009 deadline for filing
post-judgment motions; the trial court=s
plenary power was not extended past that time; and the trial court abused its
discretion by signing an order for new trial on February 3, 2009, after the
plenary power of the trial court had expired. 
See Tex. R. Civ. P. 306a(4). 








                                         Substantive
Law








If a
party adversely affected by the judgment or other appealable order does not
receive notice from the district clerk or acquire actual knowledge of the
judgment or order within twenty days of the signing of the judgment or order,
the postjudgment timetables begin on the date that the party or its attorney
received notice or actual knowledge of the order, provided that the party (1)
complies with the sworn motion, notice, and hearing requirements mandated by
rule 306a(5), and (2) proves that he received the notice of judgment or order
more than twenty but less than ninety-one days after it was signed.  See Tex. R. Civ. P. 306a(4)B(5); Mem=l Hosp.
of Galveston County v. Gillis, 741 S.W.2d 364, 365 (Tex.
1987); Nathan A. Watson Co. v. Employers Mut. Cas. Co., 218 S.W.3d 797,
800 (Tex. App.CFort Worth 2007, no pet.).  The sworn motion establishes a prima facie
case that the party lacked timely notice and invokes a trial court=s
otherwise‑expired jurisdiction for the limited purpose of holding an
evidentiary hearing to determine the date on which the party or its counsel
first received notice or acquired knowledge of the judgment.  See Cont=l Cas.
Co. v. Davilla, 139 S.W.3d 374, 379 (Tex. App.CFort
Worth 2004, pet. denied); Grondona v. Sutton, 991 S.W.2d 90, 91B92 (Tex.
AppCAustin
1998, pet. denied); see also Jon v. Stanley, 150 S.W.3d 244, 248 (Tex.
App.CTexarkana
2004, no pet.).  As the factfinder, the
trial court weighs the evidence and judges a witness=s
credibility, and the trial court may accept or reject any witness=s
testimony in whole or in part.  See
Welborn Mortgage Corp. v. Knowles, 851 S.W.2d 328, 332 (Tex. App.CDallas
1993, writ denied).

De La
Fuente, a California resident, provided an affidavit which stated that he
contacted the trial court on December 18, 2008, and was told that an order had
been signed by the court on December 4, 2008, but that the order had not yet
been mailed to him; he asked for the order to be sent to him immediately; the
envelope containing the order demonstrates it was mailed on either December 18,
2008, or December 19, 2008;[1]
and that he did not receive the envelope containing the order until sometime
after Christmas Day, December 25, 2008. 
His affidavit concludes by stating that he did not receive Aactual
and legal notice of the execution or substance of the [order] until after
twenty days after the [order] was signed.@








In
essence, De La Fuente contends that he did not receive notice of the order
until he received the order and became aware of its contents.  However, rule 306a does not require knowledge
of the contents of the order.  See
Tex. R. Civ. P. 306a(4)B(5).  Rather, the rule concerns when the party or
his attorney either received notice of the judgment or order or when the
party acquires actual knowledge of the judgment or order itself.  See id.; Gillis, 741 S.W.2d at
365; Nathan A. Watson Co., 218 S.W.3d at 800.  Instead of establishing a prima facie case
that he lacked timely notice which would invoke the trial court=s
otherwise‑expired jurisdiction for the limited purpose of holding an
evidentiary hearing, De La Fuente=s
affidavit conclusively establishes that he acquired actual knowledge of the
judgment on December 18, 2008, only fourteen days after it was signed.  Because De La Fuente obtained actual
knowledge of the order within twenty days after the judgment was signed, he
cannot invoke rule 306a.  See Tex.
R. Civ. P. 306a(4)B(5); Gillis, 741 S.W.2d
at 365; Nathan A. Watson Co., 218 S.W.3d at 800.  Accordingly, the trial court abused its
discretion by granting De La Fuente=s motion
for new trial after the expiration of the trial court=s
plenary power.

                                             Conclusion

We
conclude that the trial court abused its discretion by granting De La Fuente
Sr.=s motion
for new trial.  We conditionally grant
Rhodes=s
petition for writ of mandamus.  We are
confident that the trial court will vacate its February 3, 2009 order granting
De La Fuente=s motion for new trial, and the
writ will issue only if the trial court fails to do so.

 

 

ANNE GARDNER

JUSTICE

 

PANEL: 
DAUPHINOT; GARDNER; and MEIER, JJ. 

 

DELIVERED:  July 27, 2009











[1]The envelope is stamped A12-19-08.@