COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF, | § | No. 08-12-00172-CV |
| Appellant, | § | Appeal from the |
| v. | § | 83rd District Court |
| | § | of Pecos County, Texas |
| EILEEN KENNEDY, ET AL., | § | (TC# P-7002-83-CV) |
| Appellees. | § | |

## MEMORANDUM OPINION

Lakeith Amir-Sharif ("Amir-Sharif") is attempting to appeal the trial court's order dismissing his causes of action against prison officials for allegedly destroying certain legal documents and "law publications." Because Amir-Sharif failed to file a timely notice of appeal, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2012, Amir-Sharif filed his "Notice of Belated Appeal" from the trial court's dismissal order signed October 6, 2011. By letter dated the same day, the Clerk of this Court advised Amir-Sharif that she had filed the notice of appeal, but that the Court intended to dismiss the appeal for want of jurisdiction because the notice of appeal did not appear to be timely. The Clerk further informed Amir-Sharif that the appeal could be dismissed without further notice unless he responded by May 26, 2012 showing grounds for continuing the appeal. In his response to the Clerk's letter, Amir-Sharif states that he never received notice of the trial court's dismissal order and that he only learned the trial court had signed the order because of this Court's April 27,

2012 opinion denying his petition for a writ of mandamus in a companion case – Cause No. 08-12-00080-CV.

## DISCUSSION

A timely filed notice of appeal is necessary to invoke this Court's jurisdiction. TEX.R.APP.P. 25.1(b); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When an appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, the notice of appeal must be filed within 30 days after a final judgment or appealable order is signed. TEX.R.APP.P. 26.1. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rules of Appellate Procedure 26.1, but within the 15-day grace period provided by Rules of Appellate Procedure 26.3. *See* TEX.R.APP.P. 26.3; *Verbugt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997)(construing predecessor to Rule 26.1).

When a party adversely affected by a final judgment or appealable order does not receive notice within 20 days of the judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than 90 days have elapsed since the signing of the judgment or order. *See* TEX.R.CIV.P. 306a.4; TEX.R.APP.P. 4.2(a)(1). However, Rule of Appellate Procedure 4.2(a)(1) expressly provides that "in no event may the periods [for perfecting an appeal] begin more than 90 days after the judgment or order was signed." TEX.R.APP.P. 4.2(a)(1). To invoke the provisions of Rule of Appellate Procedure 4.2(a)(1) enlarging the time to file an appeal, an appellant must comply with Rule of Civil Procedure 306a.5. TEX.R.APP.P. 4.2(b). Rule 306a.5 requires an appellant to prove in the trial court, by sworn motion and notice, the date the appellant received notice of the judgment or order or acquired actual knowledge the

2

judgment or order had been signed.   TEX.R.CIV.P. 306a.5.

Here, the trial court signed the dismissal order on October 6, 2011.   Because Amir-Sharif failed to file a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, the notice of appeal was due by November 5, 2011.   Amir-Sharif did not file the notice of appeal until May 14, 2012.   He contends, as noted above, that he never received notice of the trial court's dismissal order and did not acquire actual knowledge that the trial court had signed the order until this Court issued its April 27, 2012 opinion denying his petition for a writ of mandamus in Cause No. 08-12-00080-CV.   Since more than six months have elapsed from the date the trial court signed the dismissal order to the date Amir-Sharif first learned that the trial court had signed the order, Rule of Civil Procedure 306a.4 is inapplicable.   Moreover, even if this rule were applicable, Amir-Sharif did not follow the procedures required by Rule of Appellate Procedure 4.2(b) and Rule of Civil Procedure 306a.5 to invoke its application.   *See Memorial Hosp. of Galveston County v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987)(per curiam)(holding that compliance with the provisions of Rule of Civil Procedure 306a is a jurisdictional prerequisite).   Accordingly, the notice of appeal was not timely filed.

Referring to *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), Amir-Sharif argues that the trial court's and district clerk's failure to provide him with notice of the dismissal order denied him fundamental due process by depriving him of the right to appeal and file post-judgment motions.   *Manzo* stands for the general proposition that the failure to provide notice of a hearing in a contested case constitutes lack of due process.   380 U.S. at 550, 85 S.Ct. at 1190.   However, in this case, there is no evidence that the clerk of the trial court failed to comply with its duty pursuant to Rule of Civil Procedure 306a.3 to provide Amir-Sharif with

3

notice of the trial court's dismissal order. *See* TEX.R.CIV.P. 306a.3. As the party adversely affected by the dismissal order, Amir-Sharif bore the burden to prove that he did not receive notice as he alleges in order to invoke the provisions of the Rules of Appellate Procedure and Rules of Civil Procedure allowing him additional time to file an appeal. *See* TEX.R.CIV.P. 306a.4, 306a.5; TEX.R.APP.P. 4.2(a)(1). To have invoked these, Amir-Shariff was required to have complied with Rule of Civil Procedure 306a.5. *See* TEX.R.CIV.P. 306a.5. He did not, and, in his jurisdictional response, he does not challenge the constitutionality of this procedural requirement. Accordingly, Amir-Sharif has failed to show grounds for continuing the appeal.

Because Amir-Sharif's notice of appeal was not timely, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP.P. 42.3(a)(permitting appeals court, on its own initiative, to dismiss appeal for want of jurisdiction).

July 5, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

4