COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 LAKEITH AMIR-SHARIF,
  
                             Appellant,
  
 v.
  
  
 EILEEN KENNEDY, ET AL.,
  
                            
 Appellees.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-12-00172-CV
  
 Appeal from the
  
 83rd
 District Court
  
 of Pecos
 County, Texas 
  
 (TC# P-7002-83-CV) 
  
 
 


 

MEMORANDUM
 OPINION

Lakeith
Amir-Sharif (“Amir-Sharif”) is attempting to appeal the trial court’s order dismissing
his causes of action against prison officials for allegedly destroying certain
legal documents and “law publications.” 
Because Amir-Sharif failed to file a timely notice of appeal, we dismiss
the appeal. 

FACTUAL AND PROCEDURAL BACKGROUND

            On
May 14, 2012, Amir-Sharif filed his “Notice of Belated Appeal” from the trial
court’s dismissal order signed October 6, 2011. 
By letter dated the same day, the Clerk of this Court advised Amir-Sharif
that she had filed the notice of appeal, but that the Court intended to dismiss
the appeal for want of jurisdiction because the notice of appeal did not appear
to be timely.  The Clerk further informed
Amir-Sharif that the appeal could be dismissed without further notice unless he
responded by May 26, 2012 showing grounds for continuing the appeal.  In his response to the Clerk’s letter,
Amir-Sharif states that he never received notice of the trial court’s dismissal
order and that he only learned the trial court had signed the order because of
this Court’s April 27, 2012 opinion denying his petition for a writ of mandamus
in a companion case – Cause No. 08-12-00080-CV.

DISCUSSION

            A
timely filed notice of appeal is necessary to invoke this Court’s jurisdiction.
 Tex.R.App.P.
25.1(b); Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  When an
appellant has not filed a timely motion for new trial, motion to modify the
judgment, motion to reinstate, or request for findings of fact and conclusions
of law, the notice of appeal must be filed within 30 days after a final
judgment or appealable order is signed.  Tex.R.App.P. 26.1.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by Rules of Appellate Procedure 26.1, but within the
15-day grace period provided by Rules of Appellate Procedure 26.3.  See
Tex.R.App.P. 26.3; Verbugt v. Dorner, 959 S.W.2d 615,
617-18 (Tex. 1997)(construing predecessor to Rule 26.1).

            When
a party adversely affected by a final judgment or appealable order does not
receive notice within 20 days of the judgment, the period for filing the appeal
begins to run from the date the party received notice, provided no more than 90
days have elapsed since the signing of the judgment or order.  See Tex.R.Civ.P. 306a.4; Tex.R.App.P. 4.2(a)(1).  However, Rule of Appellate Procedure 4.2(a)(1)
expressly provides that “in no event may the periods [for perfecting an appeal]
begin more than 90 days after the judgment or order was signed.”  Tex.R.App.P.
4.2(a)(1).  To invoke the provisions of Rule
of Appellate Procedure 4.2(a)(1) enlarging the time to file an appeal, an
appellant must comply with Rule of Civil Procedure 306a.5.  Tex.R.App.P.
4.2(b).  Rule 306a.5 requires an appellant
to prove in the trial court, by sworn motion and notice, the date the appellant
received notice of the judgment or order or acquired actual knowledge the
judgment or order had been signed.  Tex.R.Civ.P. 306a.5.

            Here,
the trial court signed the dismissal order on October 6, 2011.  Because Amir-Sharif failed to file a timely
motion for new trial, motion to modify the judgment, motion to reinstate, or
request for findings of fact and conclusions of law, the notice of appeal was
due by November 5, 2011.  Amir-Sharif did
not file the notice of appeal until May 14, 2012.  He contends, as noted above, that he never
received notice of the trial court’s dismissal order and did not acquire actual
knowledge that the trial court had signed the order until this Court issued its
April 27, 2012 opinion denying his petition for a writ of mandamus in Cause No.
08-12-00080-CV.  Since more than six
months have elapsed from the date the trial court signed the dismissal order to
the date Amir-Sharif first learned that the trial court had signed the order, Rule
of Civil Procedure 306a.4 is inapplicable. 
Moreover, even if this rule were applicable, Amir-Sharif did not follow
the procedures required by Rule of Appellate Procedure 4.2(b) and Rule of Civil
Procedure 306a.5 to invoke its application. 
See Memorial Hosp. of Galveston
County v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987)(per curiam)(holding that
compliance with the provisions of Rule of Civil Procedure 306a is a
jurisdictional prerequisite).  Accordingly, the notice of appeal was not
timely filed.

            Referring
to Armstrong v. Manzo, 380 U.S. 545,
85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), Amir-Sharif argues that the trial court’s
and district clerk’s failure to provide him with notice of the dismissal order denied
him fundamental due process by depriving him of the right to appeal and file
post-judgment motions.  Manzo stands for the general proposition
that the failure to provide notice of a hearing in a contested case constitutes
lack of due process.  380 U.S. at 550, 85
S.Ct. at 1190.  However, in this case, there
is no evidence that the clerk of the trial court failed to comply with its duty
pursuant to Rule of Civil Procedure 306a.3 to provide Amir-Sharif with notice of
the trial court’s dismissal order.  See Tex.R.Civ.P.
306a.3.  As the party adversely affected
by the dismissal order, Amir-Sharif bore the burden to prove that he did not
receive notice as he alleges in order to invoke the provisions of the Rules of
Appellate Procedure and Rules of Civil Procedure allowing him additional time
to file an appeal.  See Tex.R.Civ.P.
306a.4, 306a.5; Tex.R.App.P.
4.2(a)(1).  To have invoked these,
Amir-Shariff was required to have complied with Rule of Civil Procedure
306a.5.  See Tex.R.Civ.P.
306a.5.  He did not, and, in his jurisdictional
response, he does not challenge the constitutionality of this procedural
requirement.  Accordingly, Amir-Sharif
has failed to show grounds for continuing the appeal.

Because
Amir-Sharif’s notice of appeal was not timely, we dismiss the appeal for want
of jurisdiction.  See Tex.R.App.P.
42.3(a)(permitting appeals court, on its own initiative, to dismiss appeal for
want of jurisdiction).

 

 

July 5, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.