# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00572-CV

**Traci Yocham, Appellant**

**v.**

**Farmers Texas County Mutual Company, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 39546, HONORABLE ALAN M. MAYFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Traci Yocham seeks to appeal a final judgment signed on July 8, 2014. The record does not reflect that Yocham filed a motion for new trial or any other post-judgment motion extending her deadline to file a notice of appeal. *See* Tex. R. App. 26.1 (when certain post-judgment motions are filed, notice of appeal is due within ninety days after judgment signed). Accordingly, Yocham had until August 7, 2014—thirty days after the judgment was signed—to file her notice of appeal. *See* Tex. R. App. P. 26.1 (generally, notice of appeal must be filed within thirty days after judgment is signed); *see also* Tex. R. App. P. 26.3 (allowing fifteen-day extension of notice of appeal deadline on appellant's motion); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension of time implied when appellant files notice of appeal within fifteen days of deadline for filing notice of appeal). Yocham did not file her notice of appeal until September 3, 2014.

The Clerk of this Court notified Yocham that it appeared from the trial court clerk's record that her notice of appeal was untimely and, as a result, that this Court lacked jurisdiction over this appeal. In response to our notice, Yocham informed the Court that although the trial court had signed the judgment on July 8, 2014, the judgment was not filed with the trial court clerk or sent to the parties until August 21, 2014. *See* Tex. R. Civ. P. 306a(3) (when appealable order is signed, clerk of court shall immediately give notice to parties). Citing Rule 306a of the Texas Rules of Civil Procedure, Yocham asserts that her notice of appeal is timely because (1) she has submitted to this Court an affidavit complying with Rule 306a(5); (2) her affidavit demonstrates that she did not receive notice or obtain actual knowledge of the judgment until August 21; and (3) consequently, her notice of appeal was not due until September 21, 2014—thirty days from the day she first received notice of the judgment. We disagree that Yocham's appellate deadline was extended by operation of Rule 306a.

Ordinarily, a party's deadline for filing a notice of appeal is computed from the date the judgment or other appealable order was signed. *See* Tex. R. App. P. 26.1. If a party does not receive notice of a judgment or appealable order within twenty days after it is signed, Texas Rule of Appellate Procedure 4.2 provides a mechanism by which a party may, effectively, obtain an extension of his appellate deadline. *See id.* R. 4.2. When a party establishes his right to an extension under Rule 4.2, the time period for filing notice of appeal begins to run from the date the party received notice or actual knowledge of the judgment or appealable order, whichever is earlier, not to exceed ninety days after the judgment was signed. *See id*. R. 4.2(a).

2

The procedure for obtaining additional time under Rule 4.2 is governed by Rule 306a of the Texas Rules of Civil Procedure. *Id*. R. 4.2(b) (providing that procedure to gain extension of appellate deadlines due to lack of notice or actual knowledge of signing of judgment is governed by Rule 306a); *see* Tex. R. Civ. P. 306a. Under Rule 306a, "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(4). Further, Rule 4.2 requires the trial court, after hearing the motion, to sign an order finding the date on which the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed. Tex. R. App. P. 4.2(c).

In this case, Yocham contends that she is entitled to an extension of her appellate deadline because she was unaware of the trial court's judgment until August 21, 2014. However, Yocham does not contend, nor does the record suggest, that a sworn motion under Rule 306a was ever filed in the trial court.[1] *See Brown Mech. Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (concluding that appellant failed to establish application of Rule 306a because record did not contain sworn motion under Rule 306a(5)). Consequently, Yocham has failed to demonstrate that her appellate deadlines were

---

[1] In this Court, Yocham has filed a sworn affidavit with attached documents that, according to Yocham, establish that she did not receive timely notice of the judgment. However, Rule 306a requires that proof of late notice be made in the trial court and in the manner set forth in the Rule. *Memorial Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 366 (Tex. 1987). Accordingly, we cannot consider Yocham's affidavit in determining whether she has established her right to an extension under Rule 4.2.

extended through application of Rule 4.2.**²** *See* Tex. R. App. P. 4.2(a).  Because Yocham's notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.  *See id*. R. 25.1(b).  We dismiss the appeal for want of jurisdiction.  *See id*. R. 42.3(a).

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:  February 12, 2015

---

**²** A motion under Rule 306a must be filed before the trial court's plenary power expires as measured from the date of notice established under Rule 306a. *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001).  The trial court's plenary power in this case—even when measured from the date Yocham contends she first received notice of the judgment—has long expired.  *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (explaining that trial court retains jurisdiction over case for minimum of thirty days after signing of judgment, during which time court retains plenary power to change judgment); *see also* Tex. R. Civ. P. 329 (outlining effects of motions for new trial and other similar motions on trial court's plenary power).  As a result, any Rule 306a motion filed by Yocham now would be untimely and could not be considered by the trial court.