

# NUMBER 13-16-00544-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF THE MARRIAGE OF SANDRA LADEAN HAHN AND HENRY ADOLPH HAHN

### On appeal from the 87th District Court of Limestone County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides, and Perkes Memorandum Opinion Per Curiam**

Appellant, Henry Adolph Hahn, attempted to perfect an appeal from a judgment entered by the 87th District Court of Limestone County, Texas, in cause number 30,622-B.[1]  A final decree of divorce was signed on June 22, 2016, the form and substance agreed to by the signature of petitioner and respondent.  No motion for new trial was filed.  Appellant filed a notice of appeal on September 22, 2016.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.-Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.-Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on July 22, 2016, but was not filed until September 22, 2016. On November 10, 2016, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant responded, stating "the reason the appeal was filed on September 22, 2016 is because that was the day I saw for the first time a copy of the divorce decree." Appellant further explains that his wife sent his notice for a court date to his brother's address.

When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). In the instant case, appellant contends that he did not receive notice of the final decree of divorce until September 22, 2016.

Although appellant has responded with an explanation regarding his late filing of the notice of appeal, appellant has not provided any measure of proof that he did not receive notice of the judgment until September 22, 2016 and has not followed the procedures required in Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2 to gain additional time to perfect his appeal. *See Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) (holding that compliance with the provisions of rule 306a is a jurisdictional prerequisite).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
15th day of December, 2016.

3