

# NUMBER 13-16-00625-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JEFFREY M. LORENCE,** **Appellant,**

**v.**

**APPRAISAL REVIEW BOARD OF**
**CAMERON COUNTY,** **Appellee,**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Hinojosa
### Memorandum Opinion Per Curiam

Appellant, Jeffery M. Lorence, attempted to perfect an appeal from a judgment entered by the 445th District Court of Cameron County, Texas, in cause number 2014-DCL-01549-I. Judgment in this cause was signed on October 5, 2016. No motion for new trial was filed.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for

new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App. Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App. Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on November 4, 2016, but was not filed until November 11, 2016. Appellant's notice of appeal states he did not receive notice of the judgment until November 7, 2016. On November 16, 2016, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been filed.

When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment or other appealable order. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). Although appellant's notice of appeal indicates he did not receive notice of the

2

judgment until November 7, 2016, appellant did not follow the procedures required in Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2 to gain additional time to perfect his appeal. *See Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam).

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
12th day of January, 2017.