**Opinion issued August 15, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00368-CV

———————————

**TEXAS EDUCATION AGENCY, Appellant**

**V.**

**EXCELLENCE 2000, INC. AND SHERWIN ALLEN, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-55524**

---

## MEMORANDUM OPINION

Texas Education Agency (TEA) attempts to appeal from the trial court's order denying its plea to the jurisdiction signed on April 5, 2024.

In an accelerated appeal such as this one, a notice of appeal is due within 20 days after the date a judgment or order is signed. *See* TEX. R. APP. P. 26.1(b). The

court of appeals may extend the time to file an appeal if, within 15 days after the original deadline, the party files a notice of appeal in the trial court and a motion to extend the deadline in the appellate court. *See* TEX. R. APP. P. 26.3.

There is a limited exception that allows a party to modify the above time periods for perfecting an appeal when a party lacks notice and actual knowledge of the trial court's judgment. *See Gabe Reed Prods., LLC v. Starbase Aviation, LLC*, No. 01-12-000512-CV, 2012 WL 4857464, at *1 (Tex. App.—Houston [1st Dist.] Oct. 11, 2012, no pet.) (per curiam) (mem. op.); *see also JRJ Invs., Inc. v. Artemis Glob. Bus., Inc.*, No. 01-19-00004-CV, 2019 WL 6315195, at *2 (Tex. App.— Houston [1st Dist.] Nov. 26, 2019, no pet.) (mem. op.). If a party does not receive notice or acquire actual knowledge that a judgment or appealable order was signed within 20 days of the signing, the deadlines above shall begin on the date the party or his counsel received notice or acquired actual knowledge, whichever is first. *See* TEX. R. APP. P. 4.2(a)(1); TEX. R. CIV. P. 306a(4).

But an extension under these rules is not automatic. *Griffin v. Galveston Cnty.*, No. 01-23-00377-CV, 2023 WL 5353372, at *1 (Tex. App.—Houston [1st Dist.] Aug. 22, 2023, no pet.) (per curiam) (mem. op.); *JRJ Invs.*, 2019 WL 6315195, at *2. To extend a deadline to file a notice of appeal, a party must file a sworn motion in the trial court to prove the date on which he received notice or acquired actual knowledge of the trial court's judgment. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P.

2

306a(5). After a hearing on the motion, the trial court must sign a written order specifying the date when the party or the party's attorney first received notice or acquired actual knowledge of the trial court's judgment. TEX. R. APP. P. 4.2(c).

Here, the trial court signed the order denying TEA's plea to the jurisdiction on April 5, 2024. Therefore, TEA's notice of appeal was due by April 25, 2024, or by May 10, 2024, with a 15-day extension. *See* TEX. R. APP. P. 26.1(b), 26.3. TEA did not file its notice of appeal until May 16, 2024. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010).

On July 30, 2024, we notified TEA that its appeal was subject to dismissal for want of jurisdiction unless it filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). TEA filed a response alleging that the parties were never served with the order by the district court, and therefore, it was unaware of the trial court's order denying its plea to the jurisdiction until corresponding with appellees' counsel on May 8, 2024. But TEA fails to demonstrate, and the record does not show, that it filed a sworn motion establishing the date it first received notice or actual knowledge of the judgment, or that the trial court signed a written order specifying such date. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5).

Because TEA did not follow the procedures required by Texas Rule of Appellate Procedure 4.2 and Texas Rule of Civil Procedure 306a to gain additional

3

time to perfect its appeal, TEA's deadline for filing the notice of appeal was not extended. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5); *Gabe*, 2012 WL 4857464, at \*1. Thus, TEA's notice of appeal filed on May 16, 2024 was untimely, and we lack jurisdiction over TEA's attempted appeal. *See Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) (holding that requirements of Rule 306a(5) are jurisdictional); *Smith v. Aldine Indep. Sch. Dist.*, No. 01-17-00700-CV, 2017 WL 5623579, at \*1 (Tex. App.—Houston [1st Dist.] Nov. 21, 2017, pet. denied) (per curiam) (mem. op.).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

4