

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00056-CV
_____


LOUIS WASHINGTON, JR., AND JACOB WASHINGTON, Appellants

V.

HOLLY THOMPSON, JR., VICTORIA DIX, VERLIN DIX, ANGELA DIX,
TIMOTHY ROBINSON, STANLEY ROBINSON, JUDITH M. ROBINSON,
AND UNKNOWN CLAIMANTS, Appellees


On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 21-0508


Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

Louis Washington, Jr., and Jacob Washington filed a notice of appeal from the trial court's declaratory judgment signed on May 2, 2024. Under Rule 26.1 of the Texas Rules of Appellate Procedure, a "notice of appeal must be filed within 30 days after the judgment is signed" unless a qualifying post-judgment motion is filed that extends that deadline to ninety days. TEX. R. APP. P. 26.1(a). Based on the record before this Court, there were no post-judgment motions filed in this matter that extended the filing deadline; thus, the deadline for filing a notice of appeal from the trial court's May 2, 2024, judgment was June 3, 2024. The notice of appeal in this matter was not filed until July 23, 2024, which is beyond the deadline established by the Texas Rules of Appellate Procedure.

"There is a limited exception that allows a party to modify the above time periods for perfecting an appeal when a party lacks notice and actual knowledge of the trial court's judgment." *Tex. Educ. Agency v. Excellence 2000, Inc.*, No. 01-24-00368-CV, 2024 WL 3817123, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2024, no pet. h.) (per curiam) (mem. op.). "If a party does not receive notice or acquire actual knowledge that a judgment or appealable order was signed within 20 days of the signing, the deadlines above shall begin on the date the party or his counsel received notice or acquired actual knowledge, whichever is first." *Id.* (citing TEX. R. APP. P. 4.2(a)(1); TEX. R. CIV. P. 306a(4)).

However, as our sister court in Houston aptly noted, "an extension under these rules is not automatic." *Id.* "To extend a deadline to file a notice of appeal, a party must file a sworn motion in the trial court to prove the date on which he received notice or acquired actual

knowledge of the trial court's judgment." *Id.* (citing TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5)). "After a hearing on the motion, the trial court must sign a written order specifying the date when the party or the party's attorney first received notice or acquired actual knowledge of the trial court's judgment." *Id.* (citing TEX. R. APP. P. 4.2(c)).

Here, the appellants filed a motion for extension of time to file their notice appeal,[1] claiming that neither they nor their attorney received notice of entry of judgment within twenty days after it was signed. We denied that motion because the record does not show that the appellants filed a sworn motion in the trial court to prove the date on which they received notice or acquired actual knowledge of the trial court's judgment. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5). Thereafter, we notified the appellants that their appeal was subject to dismissal for want of jurisdiction unless they could demonstrate proper grounds for our retention of the appeal on our docket. *See Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) ("Compliance with the time periods prescribed by [Rule 306a] is a jurisdictional prerequisite.").

---

[1]The appellants' motion to extend the deadline for filing their notice of appeal was filed on July 14, 2024, and they did not file a notice of appeal until July 23, 2024. As a result, they did not qualify for an extension of the filing deadline under Rule 26.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

3

Because the appellants failed to follow the procedures required by Rule 306a of the Texas Rules of Civil Procedure and Rule 4.2 of the Texas Rules of Appellate Procedure to extend the deadline for filing their notice of appeal, their appeal was untimely, and we lack jurisdiction over it. Accordingly, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:     August 29, 2024
Date Decided:       August 30, 2024