**Nannette NEDD–JOHNSON, Appellant,**

v.

**WELLS FARGO BANK, N.A., et al., Appellees.**

**No. 05–10–00980–CV.**

Court of Appeals of Texas, Dallas.

Dec. 16, 2010.

Charles Shavers, The Law Offices for Charles Shavers & Associates, Dallas, TX, for Appellant.

Chris Pochyla, Barrett Burke Wilson Castle Daffin & Frappier, LLP, Addison, TX, for Appellees.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

### OPINION

Opinion By Chief Justice WRIGHT.

October 14, 2010, this Court sent a letter to Nannette Nedd–Johnson questioning this Court's jurisdiction over this appeal. Specifically, we questioned the timeliness of her notice of appeal. We requested that she file a brief explaining how this Court has jurisdiction over her appeal. Nedd–Johnson filed a jurisdictional brief.

The trial court's judgment was rendered on May 3, 2010. Nedd–Johnson filed an untimely motion for new trial on June 21, 2010. In her sworn motion, she explained that she did not receive actual notice of the judgment until May 24, 2010. *See* TEX.R. CIV. P. 306a(5). The trial court conducted a hearing and heard testimony on both the actual date Nedd–Johnson received notice and the motion for new trial. In its order denying the motion for new trial, the trial court did not make a finding as to the date Nedd–Johnson obtained notice of the judg-

ment. In the absence of a finding from the trial court of the date of actual notice, Nedd–Johnson's notice of appeal was due on June 2, 2010. *See* TEX.R.APP. P. 4.2(c) & 26.1. Nedd–Johnson filed her notice of appeal on August 6, 2010. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX.R.APP. P. 25.1.

■ If applicable, rule 306a may operate to extend post-judgment deadlines. *See* TEX.R. CIV. P. 306a(4); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex.2001). However, compliance with the provisions of rule 306a is a jurisdictional prerequisite. *Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex.1987). The sworn 306a motion serves the purpose of establishing a prima facie case of lack of timely notice, thereby invoking the trial court's jurisdiction for the limited purpose of holding a hearing to determine the date of notice. *Powell v. McCauley*, 126 S.W.3d 158, 160 (Tex.App.-Houston [1st Dist.] 2003, no pet.). For purposes of appellate jurisdiction, rule 4.2(c) requires that the trial court sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment was signed. *See* TEX.R.APP. P. 4.2(c).

■ In her jurisdictional brief, Nedd–Johnson argues that, although the trial court did not specify a date of actual notice in its order denying the motion for new trial, such finding is implied because the trial court proceeded to hear testimony as to the lack of notice at the motion for new trial hearing. She cites as support *In re Lynd Co.*, 195 S.W.3d 682 (Tex.2006). *Lynd* is distinguishable. A default judgment was entered against The Lynd Company (Lynd). When Lynd learned of the judgment, it filed a 306(a) motion and accompanying motion for new trial. The trial court granted a new trial. *Id.* at 684. The defendant sought mandamus relief in the court of appeals. The court of appeals conditionally granted relief holding that the order granting a new trial was void because the trial court failed to find the date that Lynd acquired actual knowledge of the judgment. *Id.* at 685. Lynd then sought mandamus relief in the supreme court. The Court held that where the trial court heard testimony as to the date actual notice was received and then proceeded to grant a new trial, it impliedly found the actual date of notice according to Lynd. *Id.* at 686. The Court's holding in *Lynd* was based on the fact that the trial court *granted* a new trial. Moreover, *Lynd* did not involve an appeal. Thus, rule 4.2(c) of the rules of appellate procedure requiring a written finding of the actual date of notice of the judgment did not come into play.

Without a finding of the date notice was actually received, there can be no extension of the appellate timetables. *See* TEX. R.APP. P. 4.2(c). The only judgment date in this record is May 3, 2010. Nedd–Johnson's notice of appeal was due on June 2, 2010. *See* TEX.R.APP. P. 26.1. Nedd–Johnson filed her notice of appeal on August 6, 2010. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX.R.APP. P. 25.1. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX.R.APP. P. 42.3(a).