**Order issued February 9, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-15-01064-CV

———————————————

**GLENN HERBERT JOHNSON, Appellant**

**V.**

**HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, AND HARRIS COUNTY APPRAISAL DISTRICT, Appellees**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1063034**

## MEMORANDUM ORDER

Appellant, Glenn Herbert Johnson, has filed a notice of appeal of the trial court's interlocutory "Order on the Harris County Defendants' Plea to the Jurisdiction and First Amended Motion for Summary Judgment." Appellees, Harris County, Harris County Department of Education, Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, City of Houston, Houston Independent School District, Houston Community College System (collectively, the "Harris County Defendants"), have filed a motion to dismiss Johnson's appeal of that order.

We grant the motion and dismiss the appeal as to the Harris County Defendants.

Johnson filed suit against the Harris County Defendants and the Harris County Appraisal District (HCAD), asserting common-law tort claims and an inverse condemnation claim. HCAD filed its plea or, alternatively, motion for summary judgment and a supplemental plea to the jurisdiction or, alternatively, motion for summary judgment, asserting that Johnson's claims are barred by limitations and the doctrines of governmental immunity, collateral estoppel, and res judicata. On November 25, 2015, the trial court signed an order granting HCAD's plea and supplemental plea to the jurisdiction or, alternatively, motion for

summary judgment and dismissing Johnson's claims against HCAD with prejudice.

The Harris County Defendants also filed a plea to the jurisdiction and first amended motion for summary judgment. In their plea to the jurisdiction the Harris County Defendants contended that the doctrine of governmental immunity barred Johnson's tort claims. In their summary judgment motion they contended that limitations and the doctrines of estoppel and res judicata barred all of Johnson's claims and he failed to meet his burden to prove that the Harris County Defendants had waived their immunity from suit as to his tort claims. On December 9, 2015, the trial court signed an order granting the Harris County Defendants' plea to the jurisdiction and first amended motion for summary judgment as to Johnson's tort claims, stating that "[t]he only claim left is inverse condemnation" (the "December 9 Order").

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). To be final, a judgment must dispose of all issues and parties in a case. *Aldridge*, 400 S.W.2d at 895. The December 9 Order indicates that Johnson's inverse condemnation claim against the Harris County Defendants remains pending and, thus, the record in this appeal does not reflect that the trial court has rendered a final judgment.

However, an appellate court has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides that a person may appeal an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2016); *see id.* § 101.001 (defining "governmental unit"). To the extent that it addresses the Harris County Defendants' jurisdictional challenges, the December 9 Order is an appealable interlocutory order. *See id.* § 51.014(a)(8); *Thornton v. Ne. Harris Cty. MUD 1*, 447 S.W.3d 23, 30 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (quoting *Thomas v. Long,* 207 S.W.3d 334, 339 (Tex. 2006)) ("An interlocutory appeal may be had when a trial court grants or denies a governmental unit's challenge to subject matter jurisdiction, 'irrespective of the procedural vehicle used.'").

An appeal from an interlocutory order is an accelerated appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); TEX. R APP. P. 28.1(a). In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). If a motion for extension of

4

time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days to thirty-five days after the order is signed. *See* TEX. R. APP. P. 26.3. Further, a motion for an extension of time is implied when an appellant, acting in good faith, files a notice of appeal within the fifteen-day extension period of rule 26.3. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see Jordan & Assocs. v. Wells*, No. 01-14-00992-CV, 2015 WL 4591786, at *1 (Tex. App.—Houston [1st Dist.] July 30, 2015, no pet.) (mem. op.). Accordingly, Johnson's notice of appeal of the December 9 Order was due by December 29, 2015, or by January 13, 2016, with a fifteen-day extension. Johnson filed his notice of appeal of the December 9 Order on March 8, 2016.

In his notice of appeal, Johnson states that he "was not made aware" of the December 9 Order "through failure by the Harris County Clerk of Court to give Notice of the Order, in a timely fashion, by first class mail, as required by Rule 306a(3) of the Texas Rules of Civil Procedure." Rule 306a(3) requires a trial court clerk immediately to notify the parties or their attorneys, by first class mail, of the signing of a final judgment or other appealable order. TEX. R. CIV. P. 306a(3). When more than twenty days have passed between the date that the trial court signs an appealable order and the date that a party receives notice or acquires actual knowledge of the signing, the period for filing a notice of appeal may be extended to the earlier of the date the party received notice or acquired actual

5

knowledge of the signing.  TEX. R. APP. P. 4.2(a)(1); *see* TEX. R. CIV. P. 306a(4); *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.) (citing TEX. R. CIV. P. 306a; *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001)) ("[I]f applicable, [rule 306a] may operate to extend the deadline for filing a notice of appeal of an interlocutory order.").  To benefit from this extended time period, Johnson must have proved in the trial court, on sworn motion and notice, the date upon which he first received notice or acquired actual knowledge of the December 9 Order and that this date was more than twenty days after the date the order was signed.  *See* TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2(b).  And, the trial court must have signed a written order finding the date when Johnson first received notice or acquired actual knowledge that the order was signed.  *See* TEX. R. APP. P. 4.2(c); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing TEX. R. APP. P. 4.2(c)); *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994)).  The record filed in this Court does not include a trial court order as rule 4.2(c) requires.  Without that finding, the appellate timetable was not extended. *See Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 43–44 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 612–13 (Tex. App.—Dallas 2010, no pet.). Johnson's notice of appeal of the December 9 order, therefore, was due to be filed

6

no later than December 29, 2015, or January 13, 2016, with a fifteen-day extension.[1]

Accordingly, we grant the Harris County Defendants' motion to dismiss and we dismiss Johnson's appeal as to the Harris County Defendants. Johnson's appeal of the November 25, 2015 order dismissing Johnson's claims against HCAD remains pending. Johnson's brief in that appeal is due no later than twenty days from the date of this order. *See* TEX. R. APP. P. 38.6(a), (d).

This interlocutory order will become final when a judgment is issued in this cause number.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Lloyd.

---

[1] On December 14, 2016, Johnson timely filed a notice of appeal of the trial court's November 25, 2015 interlocutory order granting HCAD's "Plea to the Jurisdiction or, Alternatively, Motion for Summary Judgment and Supplemental Plea to the Jurisdiction or, Alternatively, Motion for Summary Judgment." However, the March 8, 2016 notice of appeal was not an amended notice of appeal that related back to the December 14, 2016 notice of appeal to perfect an appeal of the separate December 9 Order. *See Oak Creek Homes, LP v. Moore*, No. 11-15-00291-CV, 2016 WL 6998949, at *2 (Tex. App.—Eastland Nov. 30, 2016, no pet.) (mem. op.) (citing *Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 492 (Tex. App.—Austin 2007, no pet.)) ("[R]ule 25 does not allow an appellant to amend a notice of appeal in which the appellant challenges one particular interlocutory order to a challenge of an entirely different, separate interlocutory order."); *Thomas v. Thomas*, No. 14-02-01286-CV, 2003 WL 1088220, at *2 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.) (mem. op.) (declining request to amend notice of appeal to allow appeal of "completely different order . . . not mentioned in the notice of appeal").