**Conditionally Grant and Opinion Filed August 8, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00734-CV

_____

### IN RE CHARLES DOUGLAS MITCHELL, Relator

---

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-25173**

---

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Whitehill
Opinion by Justice Whitehill

Before the Court are relator's petition for writ of mandamus, real party in interest Lauren Patrice Hixson's response, and relator's reply. In this original proceeding, relator complains of a new trial order that relator contends was entered outside of the court's plenary power. The pivotal question is whether Hixson established the date when she received notice of the trial court's order and thereby established that she filed her motion for new trial within thirty days of the date of notice. Concluding that she did not, we conditionally grant the writ.

### Background

Relator is the father of an infant child who is the subject of the underlying SAPCR. The child's mother, Lauren Patrice Hixson, was relator's girlfriend and the two lived together before and after the child's birth in November 2016. Hixson is bi-polar and apparently stopped taking her medication during her pregnancy. On November 18, 2016, relator was sleeping in the bedroom where the child was sleeping in a crib. Relator awoke at 3:30 a.m. to find Hixson

standing over him with a butcher knife. Hixson stabbed relator in the neck, but relator was able to push her out of the bedroom, lock the door, and call 911. Hixson was arrested that morning and booked into the Lew Sterrett Justice Center where she remained until March 2017.

Relator filed an emergency motion for protective order and a Suit Affecting the Parent-Child Relationship (SAPCR) action on November 22, 2016. A process server served Hixson with citation at the Lew Sterrett Justice Center by hand delivery the same day. Hixson did not answer or otherwise appear. On December 6, 2016, Associate Judge Danielle Diaz signed a final protective order. In the order, the court found that family violence had occurred and prohibited Hixson from exercising possession of or having access to the child. Hixson was served with the December 6, 2016 order via process server at the Lew Sterrett Justice Center the same day. On December 21, 2016, Judge Mary Brown signed a SAPCR order that appointed relator sole managing conservator, appointed Hixson possessory conservator, gave relator the exclusive right to determine the child's primary residence, ordered Hixson to pay child support, provided for Hixson to have possession of the child only by mutual agreement of the parties, enjoined Hixson from contact with relator and the child except to exercise agreed to visitation, and included other general orders.

Hixson filed a motion for new trial on February 23, 2017, sixty-four days after the trial judge signed the SAPCR order. Hixson, however, invoked Rule 306a and argued that she did not receive notice of the proceedings or the orders until late January 2017. At the new trial hearing, Hixson testified that she did not believe she had been served with the papers as asserted by relator. She testified that during her time in jail she did not understand what was happening, heard voices, and was confused. Her mother testified that when she and her husband visited Hixson at the Lew Sterrett Justice Center in November 2016, Hixson was incoherent. Hixson's parents did not see Hixson again until late January 2017. Hixson's mother did not know the

exact date of that visit, only that it was "around 20 something" and "was the 25th or something like that." Hixson's mother also testified that she did not know about the lawsuit and orders when she visited Hixson in late January 2017, and that Hixson did not mention the lawsuit or orders during the January 2017 visit.

Hixson testified that she learned of the orders in late January or early February when she saw papers in her bag when she was being transferred from solitary confinement to the tank. She did not testify to or produce evidence of an exact date.

On April 12, 2017, Judge Andrea Plumlee granted a new trial as to both orders, but the order does not say why she did so. Judge Plumlee stated on the record at the hearing, however, that she believed the process servers put the papers in Hixson's hand, but she did not "think that's an issue." Judge Plumlee further stated that she was granting the new trial because Hixson (i) was not taking her medication while she was in custody, (ii) was confused, (iii) did not know she had been served, and (iv) did not have "competent notice" of the proceedings and judgment.

Relator now seeks review of the new trial order. He argues that the new trial order, which was signed 112 days after the trial court signed the December 21, 2016 SAPCR order, is void because it was signed outside the court's plenary jurisdiction. He further argues that rule 306a is inapplicable because Hixson did not establish the exact date on which she obtained actual notice of the orders or acquired actual knowledge of the signing of the orders as required by Rule 306a(5). Without establishing the exact date of notice or knowledge, Hixson cannot take advantage of Rule 306a(4), which calculates post-judgment and appellate deadlines from the date of notice or knowledge instead of the date the judgment was signed.

## Applicable Law

Absent a timely-filed motion for a new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over its judgment thirty days after the

judgment is signed. TEX. R. CIV. P. 329b(d); *In re Lynd Co.*, 195 S.W.3d 682, 684 (Tex. 2006) (orig. proceeding). But an exception to the Rule 329b(a) 30-day rule exists when a party fails to receive notice within 20 days of the signing of the judgment. In that situation, the time to file a new trial motion runs from the date the party or the party's attorney receives notice from the clerk of the court or acquires actual knowledge that the trial court signed the order, whichever occurs first, as long as that date is not more than ninety days after the trial court signed the order. *See* TEX. R. CIV. P. 306a(4); *Pilot Travel Centers, LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.). Rule 306(a)(4)'s requirements are jurisdictional. *Mem'l Hosp. of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 366 (Tex. 1987) ("Since Gillis did not establish the applicability of Rule 306a(4) in the trial court in the manner prescribed by the rule, the trial court was without jurisdiction to reinstate her cause upon a motion filed forty days after dismissal.").

A sworn motion establishing a prima facie case that the party lacked timely notice reinvokes a trial court's jurisdiction "for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d at 684 n.2; *Florance v. State*, 352 S.W.3d 867, 872 (Tex. App.—Dallas 2011, no pet.). "Unless a party establishes, in the manner prescribed by Rule 306a(5), on sworn motion, that he had no notice or knowledge of the judgment within the period covered by rule 306a, the general rule prevails: a trial court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment expires 30 days after entry of judgment." *In Interest of A.J.G*, No. 05-14-01469-CV, 2015 WL 1568579, at *1–2 (Tex. App.— Dallas Apr. 7, 2015, pet. denied) (mem. op.) (citing *Gillis*, 741 S.W.2d at 365). Thus, a Rule 306a motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires. *In re Lynd Co.*, 195 S.W.3d at 685.

But Rule 306a(4)'s time extension will not apply, and the appellate timetables and plenary power of the court will not be extended, if the movant fails to establish the date on which she or her attorney received notice or obtained actual knowledge of the judgment. *See, e.g., Brown Mech. Services, Inc. v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 43–44 (Tex. App.— Houston [1st Dist.] 2012, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 802 (Tex. App.—Fort Worth 2007, no pet.). When a trial court grants a new trial but fails to specifically find the date of notice, the finding may be implied from the trial court's judgment unless there is no evidence supporting the implied finding or the party challenging the judgment establishes as a matter of law an alternate notice date. *In re Lynd Co.*, 195 S.W.3d at 686; *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.).

## Analysis

Here, because Hixson filed her new trial motion on February 23, 2017, Hixson had to establish that she (or her lawyer) first acquired notice or actual knowledge of the order no more than thirty days before that date, that is, no later than January 25, 2017. We, therefore, agree with relator that the new trial order is void because Hixson did not establish the date on which she or her attorney received notice of the judgment or acquired actual knowledge of the signing of the judgment let alone that such date was on January 25, 2017 or later. Unlike *Lynd* where the evidence established a specific notice date, Hixson presented no evidence of an exact date of when she or her counsel received notice or attained actual knowledge of the orders. The testimony of Hixson's mother that she visited Hixson sometime around January 25, 2017 is not evidence of when Hixson or her counsel received notice of the orders. At most, that testimony establishes that Hixson's mother visited Hixson sometime in late January 2017 and Hixson did not mention the lawsuit or orders during that visit. But no evidence shows the actual date on

which Hixson or her counsel received notice or attained knowledge of the orders. The closest Hixson came to establishing a date was her testimony that she saw the papers in her bag when she was transferred from solitary confinement to the tank. However, she did not say when the transfer occurred. Accordingly, because Hixson did not establish that the April 12, 2017 new trial order was signed inside the plenary period, the new trial order is void.

Therefore, we conditionally grant the petition for writ of mandamus. We order the trial court to make written rulings within fifteen (15) days of the date of this opinion vacating the April 12, 2017 new trial order and vacating the associate judge's May 31, 2017 interim orders. A writ will issue only if the trial court fails to comply with this opinion and the order of this date.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

170734F.P05