**Opinion issued November 21, 2017**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-17-00700-CV

—————————————

**SHAMEKA ANDREA SMITH, Appellant**

**V.**

**ALDINE INDEPENDENT SCHOOL DISTRICT, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-32410**

---

## MEMORANDUM OPINION

Appellant, Shameka Andrea Smith, filed a notice of appeal on September 9, 2017 attempting to appeal from a judgment signed by the trial court on April 15, 2009. Because the notice of appeal appeared to be untimely, we informed Smith that the appeal would be dismissed for lack of jurisdiction unless she filed a response

demonstrating our jurisdiction. Smith filed a response claiming that (1) she was not given notice of the suit against her and was not aware of the judgment until May 2016 and (2) she could not file her notice of appeal after that time "due to medical issues." Appellee, Aldine Independent School District, subsequently filed a motion to dismiss the appeal, asserting that we lack jurisdiction because the notice of appeal was untimely. Because Smith's response fails to demonstrate a basis for jurisdiction over this appeal, we grant the motion and dismiss the appeal.

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Generally, "a notice of appeal must be filed within thirty days after the judgment is signed." TEX. R. APP. P. 26.1(a). The time to file a notice of appeal is extended to ninety days after the signing of the judgment if any party files a timely motion for new trial, motion to modify the judgment, motion to reinstate, or a request for findings of fact and conclusions of law that is either required by the Rules of Civil Procedure or properly considerable by the appellate court. TEX. R. APP. P. (a)(1–4).

Texas Rule of Civil Procedure 306a(4) and Texas Rule of Appellate Procedure 4.2(a) provide that when more than twenty days have passed between the date that the trial court signs the judgment or appealable order and the date that a party receives notice or acquires actual knowledge of the signing, the period for filing a

2

notice of appeal will begin on the earlier of the date the party received notice or acquired actual knowledge of the signing, and in no event will the period begin more than ninety days after the judgment was signed. Tex. R. App. P. 306a(4); Tex. R. App. P. 4.2(a)(1). To benefit from this extended time period, Smith must have proved, in the trial court on sworn motion and notice, the date on which she first received notice or acquired actual knowledge of the judgment—a date that must be more than twenty days after the date the order was signed. *See* Tex. R. Civ. P. 306a(5); Tex. R. App. P. 4.2(a)(1),(b); *Willie v. State*, No. 01-16-00840-CV, 2017 WL 3526760, at *3 (Tex. App.—Houston [1st Dist.] Aug. 17, 2017, no pet.). And the trial court must sign a written order making a finding of the date when Smith first received notice or acquired actual knowledge that the order was signed. *See* Tex. R. App. P. 4.2(c); *see also Moore Landrey, L.L.P. v. Hirsch & Westheimer*, P.C., 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The record does not include an order and finding required by Texas Rule of Appellate Procedure 4.2(c). Without that order and finding, the period for filing a notice of appeal of the judgment began on the date it was signed. *See Willie,* 2017 WL 3526760, at *3; *Johnson v. Linebarger Goggan Blair & Sampson, LLP*, No. 01–15–00950–CV, 2017 WL 1173886, at *3 (Tex. App.—Houston [1st Dist.] Mar. 30, 2017, no pet.); *see also Nedd–Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.). Because Smith did not follow the procedures

required by Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2 to gain additional time to perfect her appeal, we lack jurisdiction over her attempted appeal. *See Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) (holding that requirements of rule 306a(5) are jurisdictional); *Grondona v. Sutton*, 991 S.W.2d 90, 92 (Tex. App.—Austin 1998, pet. denied) (holding same).

Even if Smith complied with applicable procedures, the extension of time provided under the rules would still be insufficient to make her notice of appeal timely. The applicable rules provide that even if the period of time for filing a notice of appeal is extended, in no event will the period begin more than ninety days after the judgment was signed. TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1). Thus, at the latest, the appellate timelines for filing the notice of appeal began to run ninety days after the signing of the judgment on April 15, 2009. Smith's notice of appeal filed approximately eight years later was untimely.

## Conclusion

For the foregoing reasons, we grant appellee's motion and dismiss the appeal for want of jurisdiction. Any other pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Brown.

4