

# NUMBER 13-18-00605-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALFREDO REVELES AND DORA REVELES,                    Appellants,

## V.

GERMANIA FARM MUTUAL INSURANCE
ASSOCIATION AND JOSE LOPEZ,                    Appellees.

## On appeal from the County Court at Law No. 4
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellants Alfredo Reveles and Dora Reveles attempted to perfect an appeal from

a judgment entered by the County Court at Law No. 4 of Cameron County, Texas in trial

court cause number 2017-CCL-01297.   We dismiss the appeal for want of jurisdiction.

# I. BACKGROUND

On April 9, 2018, the trial court granted a post-appraisal motion for summary judgment filed by appellees, Germania Farm Mutual Insurance Association and Jose Lopez. On July 12, 2018, appellants filed a verified motion for reinstatement of the case on grounds that they did not receive timely notice of the judgment. *See* TEX. R. CIV. P. 306a. Their motion for reinstatement read, in relevant part:

> 4.     An order was apparently signed on April 11, 2018[1], granting Defendants' Motion for Summary Judgment. However, this order was not entered into the Court's docket, nor was it sent to the email Plaintiffs' counsel had provided on any filing. No written notice was provided to Plaintiffs or their counsel. No notice of a final order was sent by mail as required by Texas Rules of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a(3) ("When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail. . . .").

> 5.     On June 14, 2018, Plaintiffs sent Defendants a written demand to resolve the outstanding claim for fees and costs under the Texas Insurance Code. Defendants' response refused to pay for damages included in the insurance code, stating that the Court had ruled in their favor and that the Court had lost plenary power. Prior to this email, Plaintiffs and their counsel had not received constructive or actual knowledge of any appealable order.

> . . . .

> 12.     Under Rule 306a(4), if there is no notice of judgment within 20 days, a party may file a motion to reinstate 30 days from the date of actual notice, not to exceed 90 days from the date. *See* TEX. R. CIV. P. 306a(4). Here, Plaintiffs' counsel acquired actual knowledge on June 18, 2018. Plaintiffs' motion to reinstate under Rule 306a is therefore timely.

(Internal citations omitted). On July 12, 2018, appellants also filed a motion for new trial, or alternatively, for reconsideration of the summary judgment. On September 25, 2018,

---

[1] The clerk's record indicates that the summary judgment was signed on April 9, 2018. This discrepancy is not relevant to our analysis.

the trial court granted appellant's motion to reinstate but did not include a finding regarding the date that appellants received notice of the judgment. That same day, the trial court denied appellants' motion for new trial.

Appellants filed a notice of appeal on October 25, 2018, an amended notice of appeal on October 29, 2018, and a second amended notice of appeal on November 1, 2018. On November 1, 2018, the Clerk of this Court notified appellants that it appeared that their notice of appeal had not been timely perfected. The Clerk advised appellants that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. The appellants did not respond to the Clerk's notice.

On November 7, 2018, appellees filed an objection to the appellants' second amended notice of appeal. Appellees contended that appellants failed to timely perfect their appeal insofar as they filed their notice of appeal one hundred and ninety-nine days after the trial court signed the order granting the summary judgment and one hundred and twenty-nine days after appellants received notice of the court's order. Appellees requested that we dismiss this appeal. Appellants did not respond to the Court's notice regarding the timeliness of their notice of appeal or appellees' request that we dismiss the case. However, appellants have subsequently filed three motions for extensions of time to file their brief in this matter.

## II. APPLICABLE LAW

Appellants have argued that they lacked timely notice that the trial court had signed the summary judgment. Texas Rule of Civil Procedure 306a(3) requires the clerk of the

3

court to provide notice regarding the entry of judgments or appealable orders. This rule states, in relevant part:

> When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

TEX. R. CIV. P. 306a(3). Paragraph one, as referenced in the rule, provides that the deadline for filing post-judgment motions, such as a motion for new trial or motion to reinstate a case, begins to run on the date the judgment is signed. *See id.* R. 306a(1). Paragraph four addresses what happens, as here, when a party does not receive notice of a judgment. *See id.* R. 306a(4). Rule of Civil Procedure 306a(4) provides that when more than twenty days have passed between the date that the trial court signs the judgment or appealable order and the date that a party receives notice or acquires actual knowledge of the signing, the periods referenced in paragraph one will begin on the earlier of the date the party received notice or acquired actual knowledge of the signing, and in no event will the period begin more than ninety days after the judgment was signed. TEX. R. CIV. P. 306a(4); *see* TEX. R. APP. P. 4.2(a)(1); *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.); *see also John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001). To benefit from the extension of time contemplated by Rule 306a, the movant must prove, on sworn motion and notice, the date on which it first received notice or acquired actual knowledge of the judgment—a date that must be more than twenty days after the date the order was signed. *See* TEX. R. CIV. P. 306a(5); *see also* TEX. R. APP. P. 4.2(a)(1),(b).

4

The trial court signed the judgment subject to appeal on April 9, 2018. Based upon the record presented, appellants received notice of the judgment on June 18, 2018. Appellants filed their motion to reinstate and motion for new trial on July 12, 2018. The trial court granted the motion to reinstate but denied the motion for new trial. The trial court did not make a written finding of the date that the appellants first either received notice or acquired actual knowledge that the judgment was signed. *See In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006) (orig. proceeding) (discussing the difference between Texas Rule of Civil Procedure 306a and Texas Rule of Appellate Procedure 4.2).

Here, there is evidence to imply from the trial court's order of reinstatement that appellants received notice that the judgment had been signed on June 18, 2018. Appellants' verified motion for reinstatement specifically averred that they "acquired actual knowledge on June 18, 2018." Because June 18, 2018 was more than twenty, but less than ninety-one days after the judgment was signed on April 9, 2018, and because appellants timely filed their Rule 306a sworn motion and accompanying motion for new trial on July 12, 2018, within thirty days of first receiving notice of the judgment on June 18, 2018, Rule 306a operated to extend the trial court's plenary power to grant their motion to reinstate or motion for new trial. *See id.* Thus, June 18, 2018 served as the date from which all post-judgment deadlines and the trial court's plenary power began to run. *See id.*

However, in its order granting the motion to reinstate and its order denying the motion for new trial, the trial court did not make a finding as to the date appellants obtained

5

notice of the judgment.   For purposes of appellate jurisdiction, Texas Rule of Appellate Procedure 4.2(c) requires that the trial court sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment was signed.   *See* TEX. R. APP. P. 4.2(c); *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.).   Without the trial court order and finding required by Rule 4.2(c), the time for filing a notice of appeal of the April 9, 2018 judgment was not extended.   *See* TEX. R. APP. P. 4.2(c); *Nedd-Johnson*, 338 S.W.3d at 613; *see also Johnson v. Linebarger Goggan Blair & Sampson*, LLP, No. 01–15–00950–CV, 2017 WL 1173886, at *3 (Tex. App.–Houston [1st Dist.] Mar. 30, 2017, no pet. h.) (mem. op.).   In the absence of a finding from the trial court of the date of actual notice, the period for filing a notice of appeal of the judgment began on April 9, 2018, the date the summary judgment was signed.   *See* TEX. R. APP. P. 4.2(c) & 26.1; *Nedd-Johnson*, 338 S.W.3d at 613; *see also Smith v. Aldine Indep. Sch. Dist.*, No. 01-17-00700-CV, 2017 WL 5623579, at *1 (Tex. App.—Houston [1st Dist.] Nov. 21, 2017, pet. denied) (mem. op.).

In the absence of this order and finding, we lack jurisdiction over the attempted appeal.   *See Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam); *Grondona v. Sutton*, 991 S.W.2d 90, 92 (Tex. App.–Austin 1998, pet. denied); *see also Smith*, 2017 WL 5623579, at *1.   And, even if appellants had complied with applicable procedures, the extension of time provided under the rules would still be insufficient to make their notice of appeal timely.   Stated otherwise, even if we utilize June 18, 2018 as the date upon which appellants first received notice of the judgment, appellant's notice of

6

appeal was untimely. The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* TEX. R. APP. P. 26.1. The notice of appeal must be filed within ninety days after the judgment is signed if the appellant has filed a qualifying post-judgment motion. *See id.* Appellants filed a motion for new trial, and accordingly, the notice of appeal was due ninety days after June 18, 2018, or September 16, 2018. *See id.* The notice of appeal was not filed until October 25, 2018. Appellants' notice of appeal was indisputably late.

## IV. CONCLUSION

The Court, having examined and fully considered the second amended notice of appeal, the record before this Court, and appellee's motion to dismiss, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we grant appellees' motion to dismiss. We deny appellants' motions for extension of time to file their brief. We dismiss this appeal for want of jurisdiction. All other pending motions, if any, are likewise dismissed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
14th day of February, 2019.

7