# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00142-CV

**Lickety Split Express, Inc., Appellant**

**v.**

**Lyndee Solutions, Inc., Appellee**

### FROM COUNTY COURT NO. 1 OF FAYETTE COUNTY
### NO. 3734, THE HONORABLE EDWARD F. JANECKA, JUDGE PRESIDING

## O R D E R  AND  M E M O R A N D U M  O P I N I O N

**PER CURIAM**

Lickety Split Express, Inc. filed this appeal on February 28, 2019, from the trial court's December 4, 2018 final summary judgment in favor of Lyndee Solutions, Inc. in a suit on a sworn account. We questioned our jurisdiction over this appeal and requested a response. After considering the response and record, we will abate this appeal and remand this cause to the trial court for an evidentiary hearing.

Lickety Split contends that it retained counsel the week before the summary-judgment hearing scheduled for December 5, 2018, at 10:30 a.m. On December 3, 2018, Lickety Split's counsel obtained a Rule 11 agreement to pass the hearing and notified the court coordinator of the agreement, and the court coordinator stated that the hearing would be passed. Lickety Split filed a motion for continuance on December 5, 2018, at 2:46 p.m. However, the

trial court had already signed the summary judgment on December 4, 2018, before the scheduled hearing.

Lickety Split contends that its counsel did not receive actual notice of the judgment until January 9, 2019, when he called the court to check on the status of the agreed motion for continuance of the scheduled summary judgment hearing. That day, Lickety Split filed a motion for new trial addressing its lack of notice of the judgment and invoking Rule 306a. *See* Tex. R. Civ. P. 306a(4)-(5) (authorizing proceeding in trial court for party to establish late notice of judgment and date of actual notice). The motion did not allege the date that Lickety Split itself learned of the judgment, did not request a hearing, and did not request a trial-court finding as to the date of notice. *Cf. id*. R. 306a(5). It requested only that the trial court grant the motion for new trial, set aside the final judgment, and reinstate the case on the court's docket. The trial court denied Lickety Split's motion for new trial on January 30, 2019, and Lickety Split appealed.

Proof of the date of notice of a judgment must be made in the trial court, not the court of appeals. *Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *see* Tex. R. App. P. 306(a)(5) (specifying that party must "prove in the trial court," on sworn motion and notice, date that party or its attorney first received notice of judgment or acquired actual knowledge of signing and that such date was more than twenty days after judgment was signed); *Grondona v. Sutton*, 991 S.W.2d 90, 91-92 (Tex. App.—Austin 1998, pet. denied) ("To make a prima-facie case of lack of timely notice, [movant] had to offer evidence that neither he nor his attorney learned of the judgment within twenty days after it was signed."). Because the trial court expressly denied the motion for new trial, and because Lickety Split did not establish lack of notice of the judgment and the date of actual notice at an evidentiary hearing, we may not imply

2

a finding as to the date of actual notice. *See In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006) (concluding that date of notice could be implied from trial court's order granting new trial); *Nedd-Johnson v. Wells Fargo Bank*, *N.A*., 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.) (distinguishing *In re Lynd* because trial court denied motion for new trial and because Rule 4.2(c) requiring written order finding date of notice applies to appeals).

Although it did not comply fully with the applicable rules, Lickety Split invoked Rule 306a in its verified motion for new trial, and it is unclear whether the trial court denied that motion because it was unpersuaded by the merits of the allegations, because it considered the motion untimely, or for other reasons. *See In re J.Z.P.*, 484 S.W.3d 924, 925 & n.1 (Tex. 2016) (reversing court of appeals' dismissal of appeal for want of jurisdiction that was based on conclusion that Rule 306a motion was misnamed and did not ask trial court to rule on applicability of Rule 306a). Accordingly, we will abate this appeal and remand this cause to the trial court for an evidentiary hearing and order finding the date that Lickety Split or its counsel first received actual notice of the final summary judgment. *See* Tex. R. App. P. 4.2(c); Tex. R. Civ. P. 306a(5). The record of the hearing and the signed and filed order shall be forwarded to this Court for filing as a supplemental record no later than July 8, 2019.

It is ordered June 7, 2019.


Before Chief Justice Rose, Justices Kelly and Smith

Abated and Remanded

Filed:   June 7, 2019

3