**Opinion filed August 19, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00260-CV

_____

**GEORGINA RENDON, Appellant**

**V.**

**BOBBY SWANSON, BOBBY SWANSON, INC., AND MODEL CLEANERS, Appellees**

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-17-07-0806-CV**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of dismissal for want of prosecution. *See* TEX. R. CIV. P. 165a. Georgina Rendon sued Bobby Swanson, Bobby Swanson, Inc., and Model Cleaners for injuries sustained during a workplace accident. After a substantial period of inactivity, the trial court dismissed the case for want of prosecution. Rendon appeals.

On appeal, Rendon contends (1) that the trial court's order pursuant to Rule 4.2 of the Texas Rules of Appellate Procedure was improper because it was untimely and was in contravention of the evidence at the hearing, (2) that the trial court erred in denying Rendon's motion for new trial because she was entitled to relief under Rule 306a(4 )of the Texas Rules of Civil Procedure, (3) that the trial court erred in dismissing the suit for want of prosecution without giving notice to Rendon, and (4) that the trial court deprived Rendon of her due process rights under the Texas and United States Constitutions by failing to send two separate required notices. We dismiss this appeal for lack of jurisdiction.

*Background Facts*

Rendon filed her original petition on July 24, 2017. On August 26, 2017, Rendon filed her first amended petition. The record reflects that no actions were taken in the case for eighteen months thereafter until March 22, 2019, when the trial court signed an order of dismissal for want of prosecution. On March 26, 2019, the court clerk e-mailed notice of the dismissal—along with a copy of the order attached thereto—to one of Rendon's counsel, Kevin Miller, at the e-mail address listed in Rendon's petitions. On May 20, 2019, Rendon filed her motion for new trial and motion to reinstate in which she asserted that she had not received the Rule 306a notice and had not learned of the dismissal order until May 20, 2019. On June 4, 2019, the trial court conducted a hearing on the motion for new trial and motion to reinstate; the motion was overruled by operation of law on June 5, 2019. *See* TEX. R. CIV. P. 165a.3, 329b.(c).

Rendon subsequently filed a notice of appeal on August 19, 2019. In her notice of appeal, Rendon asserted that she had not received timely notice of the trial court's dismissal order, and she attempted to invoke the protections of Rule 306a(4). On August 30, 2019, this court issued an abatement order in which we noted that

2

Rendon had not presented this court with a trial court finding reflecting the date that Rendon or her attorney had received notice or acquired actual knowledge of the dismissal order. The purpose of the abatement was "to provide Rendon an opportunity to . . . obtain the requisite findings" from the trial court. On September 11, 2019, pursuant to our abatement order and Rule 4.2(c) of the Texas Rules of Appellate Procedure, the trial court issued an order in which it found that Rendon's counsel acquired actual knowledge of the March 22 dismissal order on March 26, 2019, the date Rendon's counsel was sent an e-mail containing notice of the dismissal.

*Analysis*

Absent a timely filed notice of appeal, this court does not have jurisdiction over an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). When the appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, a notice of appeal from a final judgment must be filed within thirty days after the judgment is signed. TEX. R. APP. P. 26.1(a).[1]

However, Rule 306a provides that, if within twenty days after a judgment or other appealable order is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment or the order, the appellate deadlines shall begin to run from the date that the party received notice or acquired actual knowledge of the rendition of the judgment or the order. TEX. R. CIV. P. 306a.4; *see also* TEX. R. APP. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must "prove in the trial court, on sworn

---

[1]We recognize that we may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* TEX. R. APP. P. 26.3. However, even applying Rule 26.3, Rendon's notice of appeal would not have been timely.

motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a.5; *see also* TEX. R. APP. P. 4.2(b). After hearing the motion, the trial court is required to sign a written order that indicates the date when the party first received notice or acquired actual knowledge of the signing of the judgment or order. TEX. R. APP. P. 4.2(c).

Rendon contends that she acquired actual knowledge of the dismissal order for the first time on May 20, 2019. Rendon also contends that the trial court's September 11, 2019 finding—that she had actual knowledge of the dismissal on March 26, 2019—"was outside the plenary power of the trial court" and was made in contravention of the evidence.

We first note that Rendon misconstrues the application of the rules surrounding a trial court's plenary powers. Generally, a trial court has plenary power to grant a new trial or vacate, modify, correct, or reform the judgment until thirty days after the judgment was signed or, if a motion for new trial was timely filed, until thirty days after the motion was overruled. *See* TEX. R. CIV. P. 329b(d), (e). The trial court, however, did not rule on Rendon's motion for new trial on September 11, 2019. Rather, in accordance with the instructions set forth in our order of abatement, the trial court found in its "Order Pursuant to TEX. R. APP. P. 4.2(c)" that Rendon's counsel acquired actual knowledge on March 26, 2019, of the trial court's signing of the March 22, 2019 dismissal order. The trial court was not using its plenary powers to alter a judgment or other appealable order when it made the finding required by Rule 4.2(c); therefore, the jurisdictional rules governing a trial court's plenary powers are inapplicable. *See Johnson Cty. Special Util. Dist. v. Pub. Util. Comm'n of Tex.*, No. 03-17-00160-CV, 2018 WL 2170259, at *5–6 (Tex.

App.—Austin May 11, 2018, pet. denied) (mem. op.) (concluding that trial court had jurisdiction—after its plenary power had expired—for the limited purpose of holding a hearing to determine the date on which the appellant or its counsel first received actual notice or acquired knowledge of the judgment and to enter its finding in an order).

Even so, a ruling that the trial court's finding was untimely and made outside of its plenary powers would only harm Rendon, as this court would have no jurisdiction without such an order. *See* TEX. R. APP. P. 4.2(c) ("After hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed."); *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.). Rendon implies that an express finding is not necessary because her sworn motion establishes a prima facie case of the alternate date of notice (May 20, 2019), and Rendon cites to *In re Lynd Co.* as support. *See* 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) ("when the trial court fails to specifically find the date of notice, the finding may be implied from the trial court's judgment, unless there is no evidence supporting the implied finding or the party challenging the judgment establishes as a matter of law an alternate notice date"). However, we agree with our sister court's analysis in *Nedd-Johnson*, in which the court, under facts similar to the instant case, held:

> *Lynd* is distinguishable. . . . The Court's holding in *Lynd* was based on the fact that the trial court *granted* a new trial. Moreover, *Lynd* did not involve an appeal. Thus, rule 4.2(c) of the rules of appellate procedure requiring a written finding of the actual date of notice of the judgment did not come into play.

338 S.W.3d at 613. Accordingly, "[w]ithout a finding of the date notice was actually received, there can be no extension of the appellate timetables." *Id.* Under these

facts, a ruling that the trial court's September 11, 2019 order was untimely and entered outside of its plenary power would only serve to eliminate any remaining possibility that this court has jurisdiction to hear this appeal. *See id.*; *see also Florance v. State*, 352 S.W.3d 867 (Tex. App.—Dallas 2011, no pet.). Without otherwise being able to consider the trial court's answer to our Rule 4.2(c) inquiry, we could only conclude that the trial court's failure to grant Rendon's motion for new trial implied a finding against Rendon's asserted notice date. *See Lynd*, 195 S.W.3d at 686 ("the finding [of a notice date required under Rule 306a] may be implied from the trial court's judgment").

Because we hold that the trial court could properly issue its Rule 4.2(c) order at the time that it did so, we now address whether sufficient evidence existed to support the trial court's finding that Rendon's counsel, on March 26, 2019, acquired actual knowledge of the trial court's dismissal order. We review the trial court's findings as to the date a party received notice of a judgment by the standards of factual and legal sufficiency of the evidence. *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 492 (Tex. App.—Austin 2019, no pet.) (citing *LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). If a party attacks the sufficiency of an adverse finding on which it had the burden of proof at trial, the party must demonstrate on appeal that "the record conclusively establishes all vital facts in support of the issue." *Id.* (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017)).

During the June 4, 2019 hearing on the motion for new trial, Mark Cevallos, another of Rendon's attorneys, testified that Miller's name and e-mail address were listed first under the signature block of the original petition, and he acknowledged that the e-mail containing the notice was sent to Miller's correct e-mail address.

However, Cevallos testified that no one in his firm ever saw or read it until Cevallos found it on May 20, 2019, in Miller's archive folder. Cevallos testified that, although no one in his firm knew how it ended up in the archive folder, Miller's "standard practice" would have been to forward it along to Cevallos or their legal assistant, had Miller actually seen the e-mail. Cevallos also testified that the e-mail had never been opened when he found it in Miller's archive folder. Based on these facts, Cevallos contended that neither he nor Miller had "actual notice" of the dismissal order.

Even if Cevallos's factual assertions are taken as true, they nevertheless fail to establish that Rendon's attorneys did not receive the required notice or acquire actual knowledge of the dismissal order. *See* TEX. R. CIV. P. 306a.4. Under Rule 306a, the clerk of the court shall give notice to the parties or their attorneys of record by first-class mail advising that a final judgment or other appealable order has been signed. TEX. R. CIV. P. 306a.3; *cf.* TEX. R. CIV. P. 21(f)(10) ("The clerk may send notices, orders, or other communications about the case to the party electronically."). As we noted above, if a party fails to receive the required Rule 306a.3 notice and otherwise has not acquired actual knowledge of the appealable order within twenty days of when the order is signed, the time periods for filing a motion for new trial and a notice of appeal begin on the date the party first received notice or acquired actual knowledge of the signing of the final judgment or appealable order. TEX. R. CIV. P. 306a.4. However, actual knowledge of the contents of the order is not required, so long as the party received actual notice of the order. *See In re Rhodes*, 293 S.W.3d 342, 344 (Tex. App.—Fort Worth 2009, no pet.). While Texas law has not extensively addressed the correlation between Rule 306a notice and notice sent by e-mail, a number of our sister courts have held, under similar factual circumstances, that a party received actual notice sufficient to

render the Rule 306a filing extensions inapplicable where the party received an e-mail containing notice of the appealable order from the trial court clerk within twenty days of when the order was signed, regardless of whether the party had actual knowledge of the e-mail's contents. *See Park v. Aboudail*, No. 02-20-00260-CV, 2021 WL 1421442, at *6 (Tex. App.—Fort Worth Apr. 15, 2021, no pet. h.) (mem. op.); *Arlitt v. Ebeling*, No. 03-18-00646-CV, 2018 WL 6496714, at *4 (Tex. App.—Austin Dec. 11, 2018, no pet.) (mem. op.); *see also Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 107 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (holding that "Stettner's attorney's month-long delay in opening the June 29 Email does not mean that he did not receive the June 29 Email giving notice of the motions and their submission").

Here, Cevallos acknowledged that the notice was e-mailed to the correct e-mail address listed under Miller's signature block in the original petition, and he acknowledged that Miller actually received the e-mail. Cevallos could not explain why the e-mail was in an archive folder. Furthermore, e-mail notice of the June 4, 2019 hearing was sent to the very same e-mail address, which Rendon's counsel acknowledged was received and did not end up in counsel's archive folder. For these reasons, we hold that sufficient evidence existed to support the trial court's finding that Rendon's counsel acquired actual knowledge of the trial court's dismissal order on March 26, 2019. *See Park*, 2021 WL 1421442, at *6; *Arlitt*, 2018 WL 6496714, at *4; *see also Stettner*, 611 S.W.3d at 107. We overrule Rendon's first issue on appeal.

Because Rendon's counsel acquired actual knowledge of the dismissal order within twenty days of when it was signed, Rule 306a.4 is inapplicable to extend the appellate timetable. *See* Tex. R. Civ. P. 306a.3, .4; *In re Lynd*, 195 S.W.3d at 686; *Jarrell v. Bergdorf*, 580 S.W.3d 463, 467–68 (Tex. App.—Houston [14th Dist.]

2019, no pet.). Therefore, Rendon's notice of appeal was due to be filed with this court on April 22, 2019. *See* TEX. R. APP. P. 4.1(a), 26.1. Because the notice of appeal was untimely, this court does not have jurisdiction over this appeal. *See Wilkins*, 160 S.W.3d at 564. Accordingly, we need not address Rendon's remaining issues on appeal. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We dismiss this appeal for want of jurisdiction.


W. BRUCE WILLIAMS

JUSTICE


August 19, 2021


Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.